IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. QUILLING, Receiver for Advanced Financial Services, Inc., | § § § | |
| Plaintiff, | § § | Civil Action No. 1:03CV-0236 |
| vs. | § § | |
| TRADE PARTNERS, INC., MACATAWA BANK CORPORATION, successor by merger to GRAND BANK, THOMAS J. SMITH and CHRISTINE M. ZMUDKA, | § § § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATIONS
REGARDING RECEIVER'S SECOND MOTION TO DISALLOW/ADJUST A CLAIMS**

On May 10, 2005 the Court considered the Receiver's Second Motion to Disallow/Adjust A Claims [Docket No. 937]. Although given proper notice of the hearing, very few of the claimants appeared or otherwise responded. Based on the evidence presented, applicable law and argument of counsel, the Court makes this report and recommendation, recommending that the motion by granted.

Each of the claims set forth on Exhibit "A" should be adjusted and allowed in the amount proposed by the Receiver so as to reflect the actual amount invested as opposed to including the amount of the death benefit or expected return. This is the manner in which "A" (investor) claims have universally been treated. There is no rationale for deviating from this treatment for any of these claims.

- 2 -

The following claims should be adjusted and allowed in the amount proposed by the Receiver so as to take into account payments received by the claimant and/or deduct any claim for interest.

| Claim No. | Claimant | Allowed Claim |
|---|---|---|
| A-03883 | Quality Celery & Sprout, Profit Sharing & Trust | $26,550.14 |
| A-01799 | Makamae Corp. | $178,638.95 |
| A-01800 | Makamae Corp. | $39,375.00 |

DATED this May 23, 2005.

Respectfully submitted,

/s/ Ellen S. Carmody
ELLEN S. CARMODY
UNITED STATES MAGISTRATE JUDGE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 949-950 (6th Cir. 1981).

- 2 -