UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

        Plaintiff,                               Hon. Richard Alan Enslen

v.                                               Case No. 1:03-CV-236

TRADE PARTNERS, INC.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on the Receiver's <u>Motion for Issuance of Show Cause Order to Patrick J. McNamara</u>. (Dkt. #769). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that the Receiver's request to disallow McNamara's claim of interest in an insurance policy implicated in the present action be **granted in part and denied in part**.

**BACKGROUND**

        On November 15, 2001, Dr. Patrick McNamara entered into a purchase agreement with representatives of Trade Partners, Inc. (TPI) for the sale of a residence owned by McNamara. Under the terms of the agreement, TPI agreed to "provide McNamara with consideration of One Million Three Hundred Thousand and 00/100 Dollars ($1,300,00.00), consisting of One Hundred Twenty-Five Thousand and 00/100 Dollars ($125,000.00) in cash and a promissory note in the amount of One Million One Hundred Seventy-Five Thousand and 00/100 Dollars ($1,175,000.00)." (Dkt. #908, Exhibit 7). The promissory note was secured by an interest in Transamerica Occidental Life Insurance Company

Policy No. 60029359 with a death benefit of Four Million Dollars ($4,000,000.00) (the "Policy"). *Id.* TPI failed to make the payments required by the promissory note. McNamara subsequently initiated legal action against TPI in the state court. According to the Receiver, McNamara obtained a judgment against TPI on January 15, 2003, for "the amount of the unpaid principal and accrued interest due under the promissory note." (Dkt. #769). Importantly, McNamara obtained this judgment three months before the Receiver was appointed in this matter and given control over TPI's assets. *Id.*

## **ANALYSIS**

The parties have expended a significant amount of time and resources advancing their positions in this matter. Briefly, the Receiver, focusing on the allegedly unusual nature of the property transfer, asserts that McNamara is not properly considered a creditor of TPI. Instead, the Receiver asserts that the property transaction constituted an "investment" by which McNamara "traded" his house for an investment interest in the Policy. McNamara responds that, despite the allegedly unusual nature of the property transfer, he did not purchase an investment from TPI. McNamara argues instead that the property transfer was an arms-length transaction in which he obtained a promissory note, secured by an interest in the subject insurance policy. McNamara, therefore, considers himself a secured creditor.

The Receiver further asserts that equitable considerations must take precedence in this matter, resulting in the denial of McNamara's claim. Specifically, the Receiver considers it unfair that the premiums necessary to keep the Policy in force have been paid from the common pool of funds which the Receiver is presently managing for the benefit of all those with a claim against TPI. McNamara counters that while the Court has wide discretion to act in pursuit of equity, such authority does not authorize the Court to completely disregard his status under Michigan law as a secured creditor.

While the Court finds the parties' discussion of these matters helpful, both parties' analysis ignores what appears to be the one fact most directly relevant to resolution of this dispute - that McNamara obtained, *prior* to the Receiver's appointment, a judgment against TPI for the amount of the unpaid principal and accrued interest due under the promissory note. This fact seems to render irrelevant the question of whether McNamara is a secured creditor or whether he was an investor or a debtor, as he appears to be properly characterized as a *judgment* creditor. While this fact does not completely strip the Court of all equitable authority, McNamara's status as a judgment creditor takes precedence in this matter.

It is well recognized that "a receiver appointed by a federal court takes property subject to all liens, priorities, or privileges existing or accruing under the laws of the state." *Marshall v. People of the State of New York*, 254 U.S. 380, 385 (1920); *see also*, *Securities and Exchange Commission v. Credit Bancorp, Ltd.*, 386 F.3d 438, 446 (2d Cir. 2004) (same); *Securities and Exchange Commission v. Credit Bancorp, Ltd.*, 279 F.Supp.2d 247, 261 (S.D.N.Y. 2003) (recognizing the continuing vitality of the rule announced in *Marshall*, the court observed that it "has discovered no instance in which a court applying the law of federal equity receivership has rejected a valid 'at-law' claim in favor of an equitable claim"); *Shook v. United States*, 26 Ct. Cl. 1477, 1485 (Fed. Cl. 1992) ("[a] receiver holds the property coming into his hands by the same right and title as does the persons for whose property he receiver, subject to liens, priorities, equities, privileges, claims, defenses and estoppels existing at the time of his appointment") (quoting 65 Am.Jur.2d. Receivers § 165); The Law of Trusts and Trustees § 14 (Rev. 2d ed.) ("a receiver has no 'title' to the property he manages. . .and his appointment does not disturb the previously existing property interests of the parties").

As of the date the Receiver was appointed in this matter, McNamara possessed a judgment against TPI. This puts McNamara in a much different circumstance than the many unfortunate *investors* who were defrauded by TPI. While the Receiver's equitable arguments are compelling, and as discussed below of certain merit, such do not trump McNamara's status as a judgment creditor as of the date the Receiver was appointed. The Court recommends, therefore, that McNamara is entitled to recover on his judgment. However, while the Court finds that McNamara is entitled to recover on his judgment, the Court also finds present legitimate equitable considerations which necessitate that McNamara's recovery be reduced or limited. *See Liberte Capital Group, LLC v. Capwill*, 2005 WL 2062677 at *7 (6th Cir., Aug. 29, 2005) (recognizing that a district court has "broad powers and wide discretion in crafting relief in an equity receivership proceeding").

Following the collapse of TPI, the premiums on the insurance policy which secured McNamara's promissory note were paid by the Receiver using funds managed by the Receiver for the benefit of all those with a claim against TPI. As the Receiver correctly notes, in the absence of such action the policy in which McNamara possesses an interest would be worthless. According to the Receiver, he "has paid $322,667.99 in receivership funds to pay premiums necessary to keep the Policy in force." (Dkt. #769). As McNamara correctly asserts, the Receiver made such payments for the benefit of the receivership, however, the Court cannot simply ignore the origin of the sums expended to prevent the Policy from lapsing and becoming completely worthless. Accordingly, the Court recommends that McNamara's recovery be reduced by the amount expended by the Receiver to pay the policy premiums necessary to keep the Policy in force.

Finally, to the extent that McNamara seeks to recover (pursuant to Michigan law) post-judgment interest on his claim, the Court recommends that such be denied. *See Liberte*, 2005 WL

2062677 at *7 ("a court sitting in equity has the discretionary authority to deny state law remedies as inimical to the receivership").  Weighing the equities in this matter, including the enormous sums expended on McNamara's behalf to keep the Policy in force, the legitimate concerns and expectations of the numerous investors defrauded by TPI, as well as the risk which McNamara assumed by entering into the unusual agreement with TPI that he did, the Court finds that denying post-judgment interest is appropriate.

## CONCLUSION

For the reasons articulated herein, the Court recommends that McNamara is entitled to recover on his state court judgment when the policy matures.  However, the Court further recommends that McNamara's recovery be reduced by the amount that the Receiver expended in premium payments to prevent the Policy from lapsing.  The Court also recommends that McNamara not be permitted to recover any post-judgment interest under Michigan law.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  September 15, 2005         /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge