UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL J. QUILLING,

       Plaintiff,

                                 File No.  1:03-CV-236

v.

                               HON. ROBERT HOLMES BELL

TRADE PARTNERS, INC., et al.,

       Defendants.

_____/

## **O P I N I O N**

Magistrate Judge Ellen S. Carmody filed a Report and Recommendation ("R&R") on September 15, 2005, (Docket # 1092), recommending that the Receiver's motion for issuance of show cause order to Patrick J. McNamara, (Docket # 769), be granted in part and denied in part.  Specifically, the Magistrate Judge recommended that McNamara be allowed to recover on his judgment, but that pursuant to equitable considerations, his recovery be reduced by the amount expended by the Receiver to pay the Policy premiums necessary to keep the Policy in force and that he be denied post-judgment interest. Both McNamara and the Receiver have filed objections to the R&R pursuant to 28 U.S.C. § 636(b)(1)(C).[1]

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which objection has been made.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

_____

[1]More precisely, McNamara filed objections and the Receiver filed a motion for clarification.

In his motion to show cause the Receiver sought an order disallowing McNamara's claim of interest in a particular viatical life insurance policy, Transamerica Occidental Life Insurance Policy No. 60029359, known as the SHE H&B (1) policy (the "Policy"). (Docket # 769). The Receiver argued that McNamara did not have a secured interest generally recognized in commercial law and that McNamara accordingly had no greater rights in the assets of the Receivership than any other victim of Trade Partners.

In response, McNamara argued that the promissory note and assignment of the Policy, made it clear that he loaned money to Trade Partners and that he should accordingly be treated as a creditor rather than as an investor. He also argued that the assignment of the Policy created a valid security interest under Michigan law.

From there on the parties' briefing centered on the unique nature of the sale of McNamara's house and whether the promissory note and McNamara's interest in the Policy should be characterized as a loan or an investment.

Although the Receiver noted from the beginning that McNamara does not have a secured interest generally recognized in commercial law, and although the parties noted that McNamara had reduced the promissory note to a judgment prior to the appointment of the Receiver, neither the Receiver nor McNamara offered any analysis regarding the nature of the judgment or its impact on McNamara's claim.

The Magistrate Judge correctly noted that judgment was a significant event affecting McNamara's relationship to Trade Partners. R&R at 3. The Magistrate Judge correctly

found that as a result of the judgment McNamara's current relationship to Trade Partners is that of a judgment creditor. *Id.* The Magistrate Judge also correctly observed that a receiver "takes property subject to all liens, priorities, or privileges existing or accruing under the laws of the state." *Id.* (quoting *Marshall v. New* York, 254 U.S. 380, 385 (1920)). Unfortunately, in the absence of briefing on the effect of the judgment, the Magistrate Judge was not fully informed on the consequence of McNamara's status as a judgment creditor and whether the judgment created any interest in a specific asset of Trade Partners.

"In the case of a judgment for the recovery of a certain sum of money, a judgment lien creditor is a person who has perfected a lien under the judgment on the property involved." *Richards v. Richards*, 368 F. Supp. 2d 817, 821 (W.D. Mich. 2005). A state-created judgment lien "is not effective until it attaches under the governing state law." *Id.*

Under Michigan law "[w]henever a judgment is rendered in any court, execution to collect the same may be issued to the sheriff, bailiff, or other proper officer of any county, district, court district or municipality of this state." M.C.L. § 600.6001. A judgment does not become a "judgment lien" until such time as execution is issued against specific property of the debtor, and that property is levied upon:

> Whenever an execution issues against the property of any person, his goods and chattels, lands and tenements, levied upon by such execution, shall be bound from the time of such levy.

M.C.L. § 600.6012. "A judgment, by itself, does not create a lien against the debtor's property." *George v. Sandor M. Gelman P.C.*, 201 Mich. App. 474, 506 N.W.2d 583, 585

(Mich. App. 1993).  There is no evidence that a writ of execution was ever issued or that McNamara took any action to collect on his judgment prior to the Receivership.

The underlying facts regarding the judgment are in the record and are not in dispute. In November 2001 McNamara sold his home to Trade Partners in return for $125,000 in cash and a promissory note from Trade Partners in the amount of $1,175,000 secured by a collateral assignment in the Policy.  Subsequently, McNamara sued Trade Partners for failure to pay the Promissory Note.  *McNamara v. Trade Partners, Inc.*, File No. 02-1380-19-CK (Charlevoix County Circuit Court).  On January 15, 2003, the court entered a judgment in favor of McNamara in the amount of $1,344,244.98, inclusive of interest and costs.  The judgment further provides: "This judgment resolves the last pending claim and closes the case."  (Ex. E to McNamara's Br. (Docket # 788).  The judgment remains unpaid.

The judgment does not mention the Policy.  It does not give or recognize a security interest in the Policy, foreclose on that security interest, give rights to payment in full from the proceeds of the Policy, or give rights to sell, dispose of, or impair the Policy.  The judgment does provide that it was entered pursuant to the Stipulation and Order of Settlement entered on November 1, 2002.  However, the Stipulation also fails to support McNamara's claim to the Policy.  The Stipulation provided that Plaintiff would release his interest in the Policy upon payment of $1.1 million by December 27, 2002.  It also provided that if full payment was not made by that date, "then judgment shall enter in favor of Plaintiff and

against Defendant in the full amount of Plaintiff's claim . . . ." There is no mention in the Stipulation that the judgment would be anything other than a money judgment.

McNamara had a right to receive payments pursuant to a promissory note. That right to receive payments was secured by an assignment in the collateral of the Policy. McNamara could have foreclosed on the Policy. Instead, he exchanged his interest in the promissory note and Policy for a money judgment that would enable him to execute on all of the assets of Trade Partners. However, because he never executed on the judgment he is a judgment creditor without a lien on any specific asset of Trade Partners. As such, he is no different from other unsecured creditors.

Accordingly, the Court disagrees with the Magistrate Judge's recommendation that McNamara is entitled to recover on his state court judgment from the Policy when it matures. The Court will instead enter an order granting the Receiver's motion to show cause and disallowing McNamara's claim to an interest in the Policy.

An order consistent with this opinion will be entered.


Date:   September 30, 2005          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE