IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. QUILLING, Receiver for Advanced Financial Services, Inc., | § § § | |
| Plaintiff, | § § | Civil Action No. 1:03CV-0236 |
| vs. | § § | |
| TRADE PARTNERS, INC., MACATAWA BANK CORPORATION, successor by merger to GRAND BANK, THOMAS J. SMITH and CHRISTINE M. ZMUDKA, | § § § § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATIONS REGARDING DOCKET NO. 1097

On November 15, 2005 the Court considered the Motion for Order Authorizing Limited Discretionary Distributions [Docket No. 1097]. New Era Life Insurance Company (and related entities) filed an Objection [Docket No. 1122] which the parties resolved by Stipulation [Docket No. 1162]. Based upon the evidence presented and the circumstances of these proceedings, the Court recommends that the Motion be granted.

Specifically, the Receiver presented evidence that as of November 14, 2005, 6933 claims had been submitted which totaled $187,958,086.26 <u>including</u> disputed claims. Of that amount, 6296 had been approved by the Court totaling $131,750,950.16 leaving 468 claims totaling $56,207,136.10 still to be resolved. Based upon the claims experience to date, the Receiver anticipates that after processing, the claims in dispute will be reduced by about 10%. The Receiver projects that the final amount of all approved "A" claims will be approximately $185,000,000.00 which the Court concludes is a reasonable estimate.

The Receiver presented evidence that he has unencumbered funds in his possession in excess of $18,000,000.00 and projects receiving at least another $33,000,000.00 as the insurance portfolio continues to be sold.  If the Receiver were to give every claimant 15% of their claim (which is not what he proposes - he proposes only a small fraction thereof in dire need) it would total $28,000,000.00.  Accordingly, the Court is satisfied that the Receiver has sufficient funds such that disgorgement of any interim distributions will not affect the amount to be distributed to other claimants.

For these reasons the Court recommends that the Motion be granted and that the Receiver be authorized to make emergency limited discretionary distributions not to exceed 15% of a particular allowed "A" claim upon the condition that any such interim distributions are to be deducted from any final distribution amount.  The Court further recommends that the Receiver file a quarterly motion with the Court to account for any distributions made.

DATED this 23rd day of November, 2005.

Respectfully submitted,

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
UNITED STATES MAGISTRATE JUDGE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 949-950 (6th Cir. 1981).