UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

       Plaintiff,

v.

TRADE PARTNERS, INC., et al.,

       Defendants.
_____/

File No.  1:03-CV-236

HON. ROBERT HOLMES BELL

## **O P I N I O N**

Magistrate Judge Ellen S. Carmody filed a Report and Recommendation ("R&R") (Docket #'s 1238 & 1243),[1] recommending that the Court grant in part and deny in part the motion to dismiss ancillary complaint, (Docket # 921), filed by New Era Enterprises, Inc., New Era Life Insurance Company, and Philadelphia American Life Insurance Company (collectively "New Era").  New Era has filed objections to the R&R pursuant to 28 U.S.C. § 636(b)(1)(C).  (Docket # 1250).  This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b);

The Receiver's ancillary complaint against New Era objects to New Era's claims to Receivership assets, and alleges affirmative claims against New Era.  (Docket # 761).  The

---

[1]The identical R&R was inadvertently filed twice.

R&R recommends that New Era's motion to dismiss the ancillary complaint be granted as to the claims for aiding and abetting corporate waste, conspiracy, RICO, and deepening insolvency.  The R&R recommends that New Era's motion be denied as to the Receiver's objections to New Era's claims and as to the Receiver's affirmative claims for equitable subordination and recharacterization to equity, aiding and abetting breach of fiduciary duty, and avoiding fraudulent transfers.  New Era objects to those portions of the R&R that recommend that its motion for dismissal be denied as to these four claims.

**Objections to New Era's Claims**

New Era objects to the R&R's determination that the Receiver's ancillary complaint is sufficiently specific in its objections to New Era's claims to satisfy notice pleading requirements.  New Era contends that the Receiver's objections are based upon vague and ambiguous allegations and legal conclusions rather than facts.

New Era has isolated certain phrases that may be vague or ambiguous if read in a vacuum.  However, when the Receiver's ancillary complaint is read in its entirety, the Court agrees with the Magistrate Judge that the factual allegations and reasonable inferences therefrom are sufficient to give New Era "fair notice" of the basis of the Receiver's objections to its claims, and to satisfy the notice pleading requirements of FED. R. CIV. P. 8(a)(2). *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002).

**In pari delicto**

New Era contends that in analyzing its contention that all of the Receiver's affirmative claims are barred by the doctrine of *in pari delicto*, the Magistrate Judge improperly distinguished the Sixth Circuit case of *Terlecky v. Hurd (In re Dublin Sec., Inc.)*, 133 F.3d 377, 380 (6th Cir. 1997), and relied instead on the Seventh Circuit case of *Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995).

"*In pari delicto* refers to the plaintiff's participation in the same wrongdoing as the defendant." *Dublin Sec.*, 133 F.3d at 380 (quoting *Bubis v. Blanton*, 885 F.2d 317, 321 (6th Cir.1989)). "The doctrine is premised upon the equitable principle that '[n]o Court will lend its aid to a man who founds his cause of action upon an immoral or illegal act.'" *Id.* (quoting *Jones v. Hyatt Legal Servs. ( In re Dow)*, 132 B.R. 853, 860 (Bankr. S.D. Ohio 1991)).

In *Dublin Securities* the Sixth Circuit applied the doctrine of *in pari delicto* to bar claims filed by a bankruptcy trustee. 133 F.3d at 380. New Era contends that the Court should treat the receiver in the same manner as a trustee and follow the authority of *Dublin Securities* to bar the Receiver's claims.

In *Scholes* the Seventh Circuit held that the doctrine of *in pari delicto* does not apply to a receiver in an equity proceeding because the reason for the doctrine disappears with the removal of the wrongdoer from control of the assets and the appointment of a receiver whose only object is to maximize the value for the benefit of innocent investors. 56 F.3d at 754.

This case is distinguishable from *Dublin Securities*. In a bankruptcy case the court must evaluate defenses as they existed at the commencement of the bankruptcy. *Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 356 (3rd Cir. 2001). In *Dublin Securities* the debtor filed the bankruptcy himself. Accordingly, defenses such as *in pari delicto* that were available against the debtor were available against the trustee. In this case, by contrast, the Receiver was appointed before the companies were placed into bankruptcy. Accordingly, the Receiver stands in a different position in this case than the trustee in *Dublin Securities*. The Court is satisfied that the Magistrate Judge appropriately distinguished *Dublin Securities* and correctly determined that the doctrine of *in pari delicto* does not bar the Receiver's claims.

**Equitable Subordination**

New Era contends that because the Receiver has failed to plead conspiracy to commit fraud or fraud, the Receiver's equitable subordination claim must be dismissed. Neither conspiracy to commit fraud nor fraud is an element of an equitable subordination claim. The Receiver is merely required to plead inequitable conduct by the claimant. *In re Autostyle Plastics, Inc.*, 269 F.3d 726, 744 (6th Cir. 2001). As noted in the R&R the ancillary complaint contains numerous allegations of inequitable conduct.

New Era asserts that because the Receiver has not alleged that New Era is an insider, "evidence of more egregious conduct such as fraud, spoliation or overreaching is necessary" to make out a claim of equitable subordination   *Id.* at 745. New Era has not cited any

4

authority in support of its proposition that the pleadings must allege facts to support this higher evidentiary burden. Whether or not the Receiver will be able to prove that New Era's conduct was sufficiently egregious is a matter to be developed through discovery and determined by the trier of fact. The R&R properly found that the Receiver's claim for equitable subordination should be sustained at this juncture.

**Aiding and Abetting Breach of Fiduciary Duty**

New Era contends that the Receiver failed to state a claim for aiding and abetting breach of fiduciary duty because the ancillary complaint contains no allegations of profit, conspiracy, knowledge, or the predicate breach of fiduciary duty. In the alternative, New Era contends that because the alleged breach of fiduciary duty sounds in fraud, the claim is subject to the pleading requirements of FED. R. CIV. P. 9(b).

There is a divergence among the courts as to whether Rule 9(b) applies to a claim for aiding and abetting breach of fiduciary duty. The Third Circuit held in *Carlon v. Thaman (In re NationsMart Corp. Sec. Litig.)*, 130 F.3d 309 (8th Cir. 1997), that Rule 9(b) did not apply to a claim under § 11 of the Securities Act because proof of fraud or mistake is not a prerequisite to establishing liability under § 11. *Id.* at 314-15. The court observed that even if the plaintiff had alleged fraudulent conduct, a claim should not be dismissed merely because the plaintiff alleged more than was necessary to recover under § 11. *Id.* at 315. By contrast, this Court held in an unpublished opinion that Rule 9(b) did apply to a breach of

5

fiduciary claim that was grounded in fraud. *Krieger v. Gast*, 2000 WL 288442 (W.D. Mich., Jan. 21, 2000) (Quist, J.).

In the bankruptcy context, where the trustee is bringing the claim, courts apply Rule 9(b) with greater flexibility in recognition of the fact that the trustee is a third party outsider to the fraudulent transactions and often lacks knowledge or has only secondhand knowledge of fraudulent acts involving the debtor and third parties. *In re APF Co.* 274 B.R. 634, 638 (Bkrtcy. D.Del. 2001); *In re Everfresh Beverages, Inc.* 238 B.R. 558, 581 (Bkrtcy. S.D.N.Y. 1999).

It is not necessary for this Court to decide whether Rule 9(b) should apply to a non-fraud claim that is grounded in fraud. It is sufficient to note that the same flexibility accorded to bankruptcy trustees should be applied to Receivers in pleading claims based on fraudulent conduct. The Court agrees with the Magistrate Judge that the claim for aiding and abetting breach of fiduciary duty has been stated with sufficient particularity to allow New Era to defend against the claim. Accordingly, the Court agrees with the recommendation that the motion to dismiss this claim be denied.

**Fraudulent Transfer**

Finally, New Era contends that the fraudulent transfer claim should be dismissed for lack of standing and for failure to adequately plead the claim.

New Era contends that the Receiver lacks standing to bring a fraudulent transfer claim because the claim belongs to the creditors of the receivership entity, rather than to the entity

itself.  New Era did not address lack of standing in either its original, reply or supplemental brief filed before the Magistrate Judge.  Absent compelling reasons a party is not allowed to raise at the district court  stage new arguments or issues that were not presented to the magistrate judge.  28 U.S.C. § 631 et seq.; *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).  If this argument has not been waived, it should be the subject of a new motion where it can be fully briefed.

New Era also contends that the fraudulent transfer claim should be dismissed for failure to plead fraud with particularity.  As noted above, in reviewing complaints filed by receivers, the Court will apply Rule 9(b) with greater flexibility.  The Court agrees with the Magistrate Judge that reading the ancillary complaint as a whole, the Receiver has adequately alleged a claim for fraudulent transfer.  Accordingly,

An order adopting the R&R consistent with this opinion will be entered.


Date:    March 31, 2006              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE