UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

       Plaintiff,                                Hon. Robert Holmes Bell

v.                                                      Case No. 1:03-CV-236

TRADE PARTNERS, INC.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Receiver's <u>Motion to Approve Compromise and Settlement Agreement</u>. (Dkt. #1237). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted**.

### BACKGROUND

On or about December 6, 2002, Peter Sturrus (pursuant to a state court action) obtained a judgment against Trade Partners, Inc. for an amount in excess of $1.7 million dollars. On or about December 31, 2002, New Era issued to Trade Partners Music Valley, LLC a promissory note in the amount of $600,000. This note was later assigned to Sturrus as partial satisfaction of the judgment against Trade Partners, Inc. Accordingly, Sturrus claims ownership of the Music Valley note and the amounts owing thereunder. The Receiver, however, also asserts an ownership interest in the note.

On November 19, 2003, New Era initiated an interpleader action (W.D. Mich. case no. 1:03-cv-844), seeking resolution of the dispute between the Receiver and Sturrus as to proper payment

of the amounts owing under the Music Valley note. The Receiver later advanced various counterclaims against Sturrus, alleging that the purported assignment of the Music Valley note fails as a matter of law and that, therefore, the monies owing under the note must instead be paid to the Receiver. The parties consented to the jurisdiction of the undersigned in this interpleader action.

On November 16, 2004, the parties agreed to dismiss New Era (including the counterclaims asserted against it) from this action. Sturrus later filed a motion for summary judgment. Before the undersigned could resolve this motion, however, the parties agreed to resolve their dispute. On March 29, 2006, the undersigned granted the Receiver's <u>Motion to Approve Compromise and Settlement Agreement</u> in the *New Era v. Sturrus* interpleader matter (W.D. Mich. case no. 1:03-cv-844). The Receiver has now moved in the underlying receivership action for approval of the settlement to which the parties have agreed.

Having considered the relevant facts and circumstances, the undersigned finds that the settlement arrived at by the parties in this matter is fair and in the best interests of the receivership estate. Accordingly, the undersigned recommends that the Receiver's <u>Motion to Approve Compromise and Settlement Agreement</u>, (dkt. #1237), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

Date: April 4, 2006        /s/ Ellen S. Carmody
        ELLEN S. CARMODY
        United States Magistrate Judge