UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

MICHAEL J. QUILLING,

        Plaintiff,

v.

TRADE PARTNERS, INC., et al.,

        Defendants.

Case No. 1:03-CV-236

HON. ROBERT HOLMES BELL

## REPORT AND RECOMMENDATION TO GRANT RECEIVER'S REQUEST FOR ORDER TO OBTAIN MEDICAL RECORDS

On April 15, 2003, this Court appointed the Receiver to take possession of the Receivership Assets, and to take such actions as may be necessary for the collection, preservation, maintenance, and operation of the Receivership Assets. (Docket # 6).

Incident to his duties, the Receiver filed a Motion to Approve Sales Procedures and to Authorize Sale of Policies Free and Clear of Interests (Docket # 834). Following notice and an extended hearing, a Report and Recommendation dated May 23, 2005 (Docket # 1017), was filed recommending that the Receiver's Motion be granted.

Objections to the Report and Recommendation were filed by Philadelphia American Life Insurance Company ("PALIC") and New Era Life Insurance Company ("New Era") (Docket # 1022), Gerald Abraham ("Abraham") (Docket # 1024), and Macatawa Bank Corporation ("Macatawa Bank") (Docket # 1027). The District Court filed an Opinion (Dkt. 1056) and Order (Dkt. 1057) on July 19, 2005.

As stated by the District Court in its Opinion,

> A receiver has the powers and duties directly stated within a court's order and any implied powers clearly and reasonably necessary to meet his duties. *Liberte Capital Group, LLC v. Capwill*, 99 Fed.Appx. 627, 633 (6th Cir. 2004) (unpublished) (citing *Booth v. Clark*, 58 U.S. 322, 17 How. 322, 15 L.Ed. 164 (1854); 75 C.J.S. Receivers § 147). A receiver acts as an officer of the court, *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 98 (2nd 1988), and owes a fiduciary duty both to the court and to any person interested in the estate of which he has been made a receiver. *See Sovereign Bank v. Schwab*, No. 03-4625, — F.3d —, 2005 WL 1579503, *3 (3rd Cir. July 6, 2005); *County of Oakland by Kuhn v. City of Detroit* , 784 F. Supp. 1275, 1286 (E.D. Mich. 1992).
>
> * * * *
>
> This Court did not attempt to advise the Receiver on the details of how he should carry out his obligations. Rather, this Court intentionally granted the Receiver broad authority to use his discretion in carrying out these obligations, so long as that he exercised that discretion consistent with his fiduciary duties and obligations. Because this Court has granted the Receiver broad discretion to act in the best interests of the investor, this Court also accords some deference to the Receiver's recommendations and will not second guess every recommendation or decision of the Receiver absent a suggestion that the Receiver has acted unreasonably or in bad faith.

The Receiver and his staff, together with the staffs of National Viatical, Universal Settlements International, Inc. the purchaser of the Portfolio and Echlebarger, Hmebaugh, Tamm & Co., P.C. have been implementing the Order approving the sale of the Portfolio of insurance policies. Under the procedures established and approved, the Receiver receives payment for each policy when the change of ownership is recorded by the insurance company on its records. To facilitate the transfer, many times it is necessary to obtain current medical records of the insured and therefore the Receiver has requested an order from this court allowing and authorizing Universal Settlements International, Inc. to obtain medical records on an ongoing basis. Such an order would facilitate the change

of ownership of the policies in the Portfolio and expedite collection of the sales price and hence this receivership. A proposed Order, approved by the Receiver and counsel for Universal Settlements International, Inc., is attached to this Report and Recommendation.

For the foregoing reasons, the undersigned recommends that the Receiver's request be **granted** and the attached Order be entered by the District Court.

                                                Respectfully submitted,

Dated: April 7, 2006                   /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                U.S. Magistrate Judge