UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

      Plaintiff,

v.

TRADE PARTNERS, INC., et al.,

      Defendants.
      _____/

File No. 1:03-CV-236

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter is before the Court on Respondent Patrick J. McNamara's motion for reconsideration of this Court's order dated September 30, 2005, pursuant to which this Court granted the Receiver's Motion to Show Cause, and disallowed McNamara's claim in the Policy. McNamara contends that the Court's order is based upon a palpable defect, and that a different disposition of the case must result from the correction of the error.

The relevant facts are contained in the Magistrate Judge's Report and Recommendation ("R&R") dated September 15, 2005. (Docket # 1092). On November 15, 2001, Dr. Patrick McNamara sold his residence to Trade Partners, Inc. ("TPI") in exchange for consideration of $1,300,000, consisting of $125,000 in cash and a promissory note in the amount of $1,175,000. The promissory note was not secured by the property. Instead, TPI assigned to McNamara an interest in Transamerica Occidental Life Insurance Company Policy No. 60029359 ("the Policy") as collateral security. The Policy has a death benefit of

$4,000,000. TPI failed to make any of the payments required by the promissory note. On January 15, 2003, McNamara obtained a judgment against TPI for the amount due under the promissory note. Three months later, on April 15, 2003, the Receiver was appointed in this action and was authorized to take control over TPI's assets. The Receiver has paid the premiums necessary to keep the Policy in force.

McNamara has filed a claim for the full amount of the judgment plus interest. The Receiver filed a motion to show cause why his claim should not be voided and to disallow his claim of interest. (Docket # 769). The Receiver contends that McNamara should have no greater rights in the assets of the Receivership than any other investor in Trade Partners and that he should not be entitled to interest on his Promissory Note.

The Magistrate Judge issued a R&R recommending that the Receiver's motion to show cause be granted in part and denied in part. The Magistrate Judge reasoned that because McNamara was a judgment creditor, he should be entitled to recover on his judgment, but that his recovery should be reduced by the amount expended by the Receiver to pay the policy premiums necessary to keep the Policy in force and that he should be denied post-judgment interest on his claim. Both parties filed objections to the R&R.

On review of the R&R and the objections thereto, this Court noted that McNamara had not executed on the judgment and accordingly did not have a judgment lien. The Court accordingly declined to adopt the reasoning in the R&R. The Court, however, continued to

2

focus on the money judgment and compounded the error by assuming that the money judgment extinguished McNamara's security interest in the policy.

There is no dispute that this Court's finding that McNamara's security interest in the Policy had been extinguished by the judgment was incorrect as a matter of law. The opinion dated September 30, 2005, will accordingly be withdrawn. Nevertheless, the Court is still of the conviction that the R&R gave improper weight to the judgment in the absence of a judgment lien. Accordingly, on reconsideration, this Court must turn back to the parties' original arguments regarding whether McNamara was a secured creditor or an investor, and how that status should affect his claim against the policy.

On review it appears to this Court that McNamara obtained a valid security interest in the Policy and that he must be deemed a secured creditor. Although the Receiver has advanced many equitable arguments in favor of treating McNamara as an investor rather than as a secured creditor, the Court is aware of no legal basis for challenging the validity of McNamara's status as a secured creditor under state law. The Court must determine whether that status guarantees him full recovery of his debt together with interest.

The Magistrate Judge determined in her R&R that equitable considerations necessitated that McNamara's recovery be reduced or limited by subtracting amounts expended to pay policy premiums necessary to keep the policy in force and by denying interest on his claim. *See* R&R at 4-5.

McNamara has objected to both of these recommendations. Although he acknowledged in his objections to the R&R that some equitable adjustment of his claim as a result of the money expended by the receivership to preserve the Policy, (Docket # 1105 at 4), he has objected to the premium reduction recommended in the R&R insofar as it can be read to require him to take responsibility for all of the premiums paid on the Policy. McNamara notes that the Policy's death benefits exceed his claim and that the Policy premiums were paid not only for his benefit, but for the benefit of the Receivership as a whole. Furthermore, McNamara notes that the Receiver never suggested that McNamara should take full responsibility for the premiums, but only for so much as was paid to maintain his portion of the policy. (Docket # 949 at 9).

The question then arises as to how that *pro rata* share of the premiums should be calculated. The Receiver has suggested that McNamara's share of the premiums should be calculated by dividing the amount of the promissory note ($1,175,000) by the amount of the death benefit ($4,000,000), and multiplying that figure by the premiums paid ($322,667.99), for a total of $94,783.72. (Docket # 949 at 9). McNamara, on the other hand, contends that his share of the premiums should be not be based upon the full amount of his note, but on the balance of his secured debt after he has first been paid his *pro rata* share from the general receivership estate.

4

The Court believes that the Magistrate Judge only intended McNamara to be responsible for his pro rata share of the premiums, measured in the manner suggested by the Receiver. The Court agrees with this approach.

McNamara also objects to the recommendation that interest on his claim should be denied. Under Michigan law a secured creditor is generally entitled to proceeds from the sale of the collateral until his entire claim is satisfied, principal and interest. *See State v. Grand Rapids Sav. Bank*, 304 Mich. 55, 62, 7 N.W.2d 220 (1942). "[A] receiver appointed by a federal court takes property subject to all liens, priorities, or privileges existing or accruing under the laws of the state." *In re American Fuel & Power Co.*, 151 F.2d 470, 481 (6th Cir. 1945) (quoting *Marshall v. New York*, 254 U.S. 380, 385 (1920)). Having said that, it does not necessarily follow that McNamara is entitled to the full recovery of his principal and interest. "A district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership." *Securities and Exchange Comm'n v. Elliott*, 953 F.2d 1560, 1569-70 (11th Cir. 1992)). This includes "the discretionary authority to deny state law remedies as inimical to the receivership." *Liberte Capital Group, LLC v. Capwill*, No. 03-3330, 2005 WL 2062677 at *7 (6th Cir. Aug. 29, 2005) (unpublished) (citing *United States v. Vanguard Inv. Co.*, 6 F.3d 222, 226 (4th Cir. 1993); *Elliott*, 953 F.2d at 1569-70).

The Magistrate Judge weighed the equities in this matter, including the enormous sums expended to keep the Policy in force, the interests of the numerous investors defrauded by TPI, as well as the risk McNamara assumed by entering into the unusual agreement with

5

TPI, and concluded that denial of interest was appropriate. Based upon these considerations, the limited resources in the Receivership estate, and the Court's routine denial of interest on claims in this Receivership, the Court agrees that fairness and justice require that McNamara be denied interest on his promissory note. Accordingly, the Court will adopt the R&R as modified by this opinion.

An order consistent with this opinion will be entered.

Date:   April 26, 2006           /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE