UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

       Plaintiff,                                    Hon. Richard Alan Enslen

v.                                                  Case No. 1:03-cv-00236

TRADE PARTNERS, INC., et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Receiver's Motion to Adjust the Claim of Investor's Financing (Claim No. A-03468) (Dkt. 1229). A hearing was held on April 19, 2006. The following facts are not in dispute. On June 17, 1999, claimant sold real property located at 825 Parchment Ave., Grand Rapids, Michigan ("Parchment Drive") to the Westwood Group, L.L.C. ("Westwood"). The purchase price for the property was $1,000,000.00, paid as follows:

    $1,000,000.00  - Purchase Price
      ($525,000.00) - Cash from Westwood
      ($475,000.00) - Death Benefit of Life Settlement Contracts ("LSCs") from Westwood

Trade Partners' ("TPI's") involvement was to supply the life settlement contracts to Westwood which were used to purchase Parchment Drive and assigned to Claimant Investor's Financing. Westwood had actually purchased the LSCs from TPI for $251,470.55, which represented a purchase price of $279,411.72 less an associate commission of $27,941.17. In turn, Westwood gave TPI an interest bearing promissory note secured by a second mortgage on the

property.  On September 21, 1999, Westwood repaid the loan in full.  TPI collected the original loan amount, $251,470.55, plus $5,300.51 in interest, and discharged the second mortgage on the property.  There is also no dispute that the appraised value of the property at the time of the sale by Claimant was $1,000,000.00.

The dispute centers around whether the Claimant has a claim in the amount of the $475,000.00 in LSC death benefits or instead in the amount that Westwood actually paid for those death benefits, i.e., $279,411.72.

## DISCUSSION

This question presents a bit of a spotted zebra.  The Court has consistently attempted to adjust the claims of investors to the investor's out-of-pocket loss.  Thus, claims by investors which seek interest on the investment or seek the amount of the death benefit have been reduced to what the investor actually invested, less any return prior to the Receivership.  Here, it seems clear that the claimant gave $475,000.00 in value to Westwood in exchange for the real estate on Parchment Drive, less cash from Westwood in the amount of $525,000.00.  The Receiver does not dispute the value of the property.

However, the Receiver argues that because TPI only received $251,470.55 from Westwood for the LSCs, the claimant Investor's Financing should only have a claim for that amount.  It is the opinion of the undersigned that in an equitable proceeding, such as a receivership, the equitable approach is to determine what each investor is "out of pocket" rather than what TPI "received." Historically in this case, the Court has not inquired into the value received by TPI as the benchmark for determining the proper amount of a claim, although as a practical matter, typically these appear to have matched the investor's out-of-pocket losses.  Although the undersigned recognizes that the

answer depends on the question asked, i.e., is the appropriate question, "What value was actually lost to the investor?" or "What amount did TPI benefit from the investment?", it appears that the more equitable approach, particularly since the investors will only receive a fractional portion of their out-of-pocket losses, is to measure the loss of value to the investor. For these reasons, the undersigned recommends that the Receiver's Motion to Adjust the Claim of Investor's Financing (Claim No. A-03468) (Dkt. 1229) be denied, and that Claim No. A-03468 be allowed in the amount of $475,000.00.

Respectfully submitted,

Date: June 12, 2006                     /s/ Ellen S. Carmody
                                        ELLEN S. CARMODY
                                        United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).