IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,  Receiver
for Advanced Financial Services, Inc.,     Hon. Robert Holmes Bell

        Plaintiff,     Civil Action No.  1:03-CV-0236

v.

TRADE PARTNERS, INC., et. al.

        Defendants.

### REPORT AND RECOMMENDATION AS TO CLAIMS OF MYRIKA TYLER (DKT NO. 1244)

The Court has considered the Motion of the Receiver to Disallow the Claims of Myrika Tyler, (Docket No. 1244), the statements of the Receiver and makes the following findings.

Myrika Tyler is the ex-wife of Larry Tyler. Larry Tyler was the owner and operator of Advanced Financial Services, Inc. and a broker for Trade Partners, Inc., who received in excess of $5.2 million for his services and has since been sentenced to eight years in prison for his role.

Myrika Tyler has filed three claims in these receivership proceedings, Claim Nos. A-01550 through A-01552.  The Receiver has objected to each of the claims filed as set forth below. No Response, Reply or Opposition was filed by Myrika Tyler to the Objections made by the Receiver or to the Motion to Disallow the Claims.

**Claim No. A-01550** is a claim for $316,266.52 regarding an interest in a viatical.  The amount of the claim is equal to the death benefit under the applicable policy and does not match the purchase price of $190,522.00.  In that the Court has consistently reduced all claims for death benefits to the amount of actual investment, at a minimum, the claim should be reduced to $190,522.00; however, the Receiver requests that the claim should be disallowed in its entirety

because the records available to the Receiver discloses that the transaction whereby Myrika Tyler obtained an interest in the viatical appears to be a transaction between Larry Tyler and Myrika Tyler, appears to be a recycling of commissions paid to Larry Tyler and no money was ever received by Trade Partners, Inc. Furthermore, Myrika Tyler has failed to submit proof of a transfer of money to Trade Partners, Inc. as part of her claim. Therefore it is the Recommendation that this claim should be disallowed

**Claim No. A-01551 i**s claim filed in the amount of $0.00 and relates to an interest in a viatical that matured prior to the receivership. It appears that Myrika Tyler was paid with respect to the policy and has no further claim against the receivership estate. Therefore it is the Recommendation that this claim should be disallowed.

**Claim No. A-01552** is a claim in the amount of $27,577.53 with respect to an interest in a viatical. As with Claim No., A-01550, the amount of the claim is the amount of the anticipated death benefit, not the purchase price of $19,420.80. Accordingly, at a minimum, the claim should be adjusted to $19,420.80. However, just as is Claim No. A-01550, the Receiver requests that the claim should be disallowed in full in that there is no indication from the books and records of Trade Partners, Inc. that Trade Partners, Inc. ever received any funds with respect to the interest in the viatical and Myrika Tyler has failed to submit any proof of payment of funds as part of the claim Therefore, the Court recommends that the Receiver's Motion to Disallow the Claims of Myrika Tyler be GRANTED and that Claim Nos. A- 01550, 01551 and 01552 be disallowed.

                                                Respectfully submitted,

Dated: June 13, 2006                /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          U.S. Magistrate Judge

3

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. $ 636(bXl) (C). Failure to file objections within the specified time waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947,949-950 (6'h Cir.198r).