UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

    Plaintiff,

v.

TRADE PARTNERS, INC., et al.,

    Defendants.
                                 /

File No.  1:03-CV-236

HON. ROBERT HOLMES BELL

**O P I N I O N**

On June 26, 2006, this Court entered an order approving the Magistrate Judge's June 12, 2006, Report and Recommendation regarding the Receiver's motion to adjust the claim of Investor's Financing. The Receiver has requested this Court to reconsider that order because the time for filing objections had not yet run when the order was entered and in order to enable this Court to consider the Receiver's subsequently filed objections.

This Court agrees that its order was prematurely entered. Accordingly, this Court will withdraw its order approving Report and Recommendation dated June 26, 2006, (Docket # 1322), and will reconsider the Report and Recommendation in light of the Receiver's objections.

There is no dispute as to the relevant underlying facts. Investor's Financing filed a claim against the Receivership Estate in the amount of $475,000. The claim arises from Investor's Financing's sale of real property to the Westwood Group ("Westwood"). The

property was appraised at $1,000,000.  The purchase price of the property was $1,000,000 payable by $525,000 in cash and $475,000 in multiple viatical contracts, also known as Life Settlement Contracts ("LSCs") from Trade Partners, Inc.  (Investor's Financing Br. at 2, Docket # 1247).  Westwood had purchased the LSCs from Trade Partners for $251,470.55, which represented a purchase price of $279,411.72 less an associate commission of $27,941.17.

On February 27, 2006, the Receiver filed a motion to adjust the claim of Investor's Financing (Claim No. A-03468) from $475,000.00 to $279,411.72.  (Docket # 1229).  Investor's Financing opposed the motion.  (Docket # 1247).  The Magistrate Judge recommended that the Receiver's motion to adjust be denied because the loss of value to Investor's Financing was $475,000. (Docket # 1317).  The Receiver objects to the Report and Recommendation because it does not treat Investor's Financing in the same manner as other investors.

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

There is no dispute that the aim of the Court in these equitable proceedings has been to attempt to allow claims based on the value of the investor's out-of-pocket loss.  Claims have accordingly been adjusted to reflect the value paid for the LSCs rather than the value of the future death benefit.  Typically, the amount received by Trade Partners for the LSCs

has mirrored the investor's out-of-pocket losses. In this transaction, however, the two figures do not match. The issue is how to determine the value of Investor's Financing's out-of-pocket loss.

The Magistrate Judge determined that the most equitable approach for determining the value of Investor's Financing's out-of-pocket loss was to determine what Investor's Financing lost in value rather than what Trade Partners received. Because there is no dispute that the value of the real estate given by Investor's Financing was $1,000,000, and because Investor's Financing received $525,000 in cash for the transaction, plus the LSCs, the Magistrate Judge determined that the value of Investor's Financing's out-of-pocket loss was $475,000.

According to the Receiver, an analysis of the actual transaction demonstrates that the actual "loss of value" to Claimant is the amount Westwood paid for the LSCs, rather than Investor's Financing's expectancy interest in the death benefit of the LSCs.

The Court agrees with the Receiver's analysis. Investor's Financing agreed to sell property valued at $1,000,000 in exchange for $525,000 cash and LSCs that had a death benefit value of $475,000. The economic reality is that the LSCs were not worth $475,000 at the time Investor's Financing accepted them. The fair market value of the LSCs was less than the death benefit because they had not yet matured and were not due to mature for 5 years. (Docket # 1247 at Ex. D). In other words, Investor's Financing agreed to sell the property for less than its appraised value based upon its expectancy that the LSCs would

3

eventually be worth more than they were worth at the time of the sale. The out-of-pocket losses to Investor's Financing is the value of the discounted LSCs, rather than their face value, because that it what Investor's Financing received in exchange for its property.

It appears to this Court that Investor's Financing took the same risk as the other investors who purchased LSCs and should similarly be limited to what it would have paid for the LSCs, had it dealt directly with Trade Partners. In the absence of evidence to the contrary, the best valuation the Court has of the LSCs is the amount Westwood paid for them in an apparent arms length transaction. Accordingly, the Court declines to adopt the Report and Recommendation. The Court will enter an order granting the Receiver's motion to adjust the claim of Investor's Financing, and will adjust and reduce Claim No. A-03468 to the amount of $279,411.72.

An order consistent with this opinion will be entered.


Date:     August 22, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE