IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. QUILLING, Receiver for Advanced Financial Services, Inc., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 1:03-CV-0236 |
| TRADE PARTNERS, INC., MACATAWA BANK CORPORATION, successor by merger to GRAND BANK, THOMAS J. SMITH and CHRISTINE M. ZMUDKA, | § § § § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION OF ALL CLAIMS OF HABERSHAM FUNDING, LLC**

On August 21, 2006 the Court conducted a hearing on the Receiver's Motion to Approve Settlement of All Claims of Habersham Funding, LLC [Docket No. 1376]. At that time, the Receiver appeared through the Examiner, Steven A. Harr. Habersham Funding, LLC appeared through counsel, David Gass.

The parties announced to the Court that they had reached a settlement regarding all claims of Habersham Funding, LLC in this proceeding, including specifically all claims to those certain insurance policy referred to as ROT-J and TEL-F. After hearing the terms of the settlement, the Court finds that it is in the best interest of the Receivership Estate.

Accordingly, the Magistrate Judge makes the following findings and recommends that the Receiver's motion [Docket No. 1376] be **granted**, and that all claims of Habersham Funding, LLC in this proceeding be resolved as follows:

    a.    Habersham filed a Claim in this receivership. The Receiver filed an Objection to the Claim and a Motion to Disallow/Adjust B Claims, including Habersham's Claim (Dkt. No. 591). The claims were temporarily withdrawn. Subsequently, Habersham filed a Notice of Resubmission of the Claim and

Reinstatement of its opposition the Receiver's first Motion to Disallow/Adjust B Claims (Dkt. No 1213).[1]

b.       On August 1, 2006, the Court, after Notice, conducted a hearing on the Receiver's Objection.  After hearing the proof and testimony offered by the Receiver and Habersham, including the testimony of Bryan Freeman, Managing Member of Habersham and Steven Harr, the Examiner in this receivership and the admission and consideration of the exhibits offered by the parties, the Court initiated and conducted a settlement conference.

c.       Following negotiations and discussions between the parties, without the intervention of the Court, the parties announced that they had reached an amicable resolution and settlement of all claims.

d.       In a related matter, by orders of this Court dated March 29, 2006 (Case No. 1:05-cv-102, Dkt. No. 49; and also Case No. 1:03-cv-236 RB, Dkt. Nos. 1161 and 1193), the Court approved a settlement (Stone Settlement) with Stone Financial Group, LLC (Stone), whereby Stone, who had become the owner and beneficiary of certain viaticated life insurance policies, including policies designated ROT-J and TEL-F, which are at issue in Habersham's claim, agreed to transfer ownership of ROT-J and TEL-F back to the Receiver.

e.       By order of this court of July 19, 2005 (Dkt. No.1057), the Receiver was authorized to sell all of the Trade Partners, Inc, insurance policy portfolio to Universal Settlements, Inc. (USI) free and clear of all liens or encumbrances.  By Amendment to the Agreement, the Receiver and USI agreed that any after acquired policies, including ROT-J and TEL-F would be offered and sold under such terms and conditions as agreed to between the Receiver and USI.

---

[1] Other related pleadings include Habersham's Motion for Leave to file Complaint (Dkt. 586), Receiver's Response (Dkt, 598), Habersham's Reply (Dkt. 608), Order Denying Motion (Dkt. 632), Habersham's Response to Receiver's Opposition to Claim (Dkt. 738) and Habersham's Notice of Withdrawal of Opposition (Dkt. 738).

2

  f. For good and valuable consideration, the Receiver and Habersham, its members, affiliates, predecessors and assigns, (Habersham) have resolved their points of disagreement on the terms and conditions that follow:

    (a) Thirty (30) days after the entry of the final order by the District Court approving the settlement with Habersham, the Receiver will pay Habersham the sum of One Million dollars ($1,000,000).

    (b) Upon receipt of said payment, Habersham (i) relinquishes any and all claims or interest in the VAS- 1 (1) and (2), ROT- J and TEL-F policies, and (ii) releases the Receiver and Examiner and their counsel from any and all claims, causes of action, demands, liens on policies or proceeds there from owned or controlled by Trade Partners or the Receiver and from any claim for damages of any kind or character that Habersham has, had or may have regarding Trade Partners, Inc., the Examiner or the Receiver and all affiliated entities of Trade Partners are fully satisfied and to the extent not fully satisfied they are released in full.

    (c) Habersham will dismiss with prejudice the pending litigation in the United States District Court for the Northern District of Georgia, Atlanta Division, Case No.105-cv-1287, against Joel Stone, a/k/a Josel Stone, Russell Stone, The Stone Financial Group, LLC, Howard Bloom and Ashley Bloom, regarding, inter alia, the ROT-J and TEL-F policies.

  g. The Court finds that this settlement is in the best interest of the Receivership for the reason that the dispute between the Receiver and Habersham would likely result in one party or the other receiving the full benefit of the policies.  By settlement, the benefit that the Receiver will obtain, given the risks of the dispute, are substantial.

The Court finds that the settlement is in the best interest of the Receivership estate and recommends that the settlement terms outlined above be approved.

 DATED this 28th day of September, 2006.

            Respectfully submitted,

            /s/ Ellen S. Carmody
            ELLEN S. CARMODY
            United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 949-950 (6th Cir. 1981).