IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING, Receiver          §
for Advanced Financial Services, Inc.,   §
                                        §
              Plaintiff,                 §
                                        §     Civil Action No.  1:03-CV-0236
vs.                                      §
                                        §
TRADE PARTNERS, INC., MACATAWA §
BANK CORPORATION, successor by  §
merger to GRAND BANK, THOMAS J. §
SMITH and CHRISTINE M. ZMUDKA,  §
                                        §
              Defendants.                §

## REPORT AND RECOMMENDATION

This matter is before the Court on the Objection of Ungaretti & Harris, LLP ("U&H") to the

Receiver's First Amended Proposed Plan of Distribution (Dkt. 1453) ("the Plan").  U&H was heard

on its objection on October 25, 2006.  For the reasons stated below, the undersigned recommends

that the objection be denied.

U&H is a creditor of Trade Partners, Inc. ("TPI") and filed a "B" claim in this case for legal

services provided to TPI.  On October 18, 2004, the Court approved U&H's claim in the amount of

$312,254.56 as a "B" claim.  See Order adopting Report and Recommendation (Dkt. 727), dated

October 18, 2004.  Although all of the "B" claim creditors were served with notice of the Proposed

Amended Plan of Distribution and were given an opportunity to be heard, the only objection filed

was that of U&H.  U&H objects to the Plan as paying nothing on the allowed "B" claims.

The reasons for rejecting the objection are equitable and practical.  As an equitable matter

in receivership proceedings arising out of a securities fraud, the class of fraud victims takes priority

over the class of general creditors with respect to proceeds traceable to the fraud.  The equitable

doctrine of constructive trusts gives "the party injured by the unlawful diversion a priority of right over the other creditors of the possessor." III CLARK ON RECEIVERS § 662.1 at 1174 (Anderson 3d ed. 1959) (quoting authorities). The funds available for distribution are the result of investments by the investors. They consist of matured insurance policies purchased with investor funds, monies from the sale of the viatical portfolio purchased with investor funds, and the sale of certain real property also purchased with investor funds. These funds are subject to a constructive trust which arose in favor of the investor when each investor contributed funds to TPI. A constructive trust arose on behalf of each investor **at the time** the investor contributed funds to TPI. *See, United States v. Fontana*, 528 F.Supp.137 (S.D.N.Y. 1981). The "B" claim creditors, including U&H, did not contribute any funds to the Receivership estate.

The other reason for rejecting U&H's objection as an equitable matter is that U&H had the ability to demand a retainer or to withdraw from representation of TPI when U&H was not being paid. Although TPI's sloppy and fraudulent practices ultimately resulted in the non-payment of U&H, there is no evidence that there was an attempt to defraud U&H.

Finally, as a practical matter, the claims of the various "B" investors have not been subjected to close investigation by the Receiver because of the Receiver's position regarding the constructive trust for the benefit of the investors and its intent that the "B" claims should be paid nothing under the proposed plan of distribution. Lurking out there is the unliquidated and potentially extremely large "B" claim of Macatawa Bank for indemnity regarding its legal fees incurred in this action as well as in the class action of *Jenkins v. Macatawa Bank*, W.D. Mich. Case No. 1:03-cv-00321.[1]

---

[1] It is noteworthy that Macatawa Bank has not objected to the Receiver's Amended Proposed Plan of Distribution. Presumably this is because, at least according to the Receiver's special counsel, Michael Quilling, the anticipated recovery by the investors, although perhaps disappointing to the investors, is the highest ever achieved in a viatical receivership. Apparently Macatawa Bank recognizes that it is in its best ultimate interest to maximize the investor recovery.

For the equitable and practical reasons stated above, the undersigned recommends that the objection of U&H (Dkt. 1453) be denied.

Respectfully submitted,


Date:  November 17, 2006             \_\_/s/ Ellen S. Carmody_____
                                     ELLEN S. CARMODY
                                     United States Magistrate Judge



OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 949-950 (6th Cir. 1981).