IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL J. QUILLING, Receiver for Advanced Financial Services, Inc., § § § | |
| Plaintiff, § § | Civil Action No. 1:03-CV-0236 |
| vs. § § | |
| TRADE PARTNERS, INC., MACATAWA BANK CORPORATION, successor by merger to GRAND BANK, THOMAS J. SMITH and CHRISTINE M. ZMUDKA, § § § § § § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Receiver's Motion to Pay Claim of Robert J. Mast (A-03756) (Dkt. 1466). Robert J. Mast ("Mast") filed Claim No. A-03756 in the amount of $75,000.00 "plus interest." Mast's claim arises from his loan to Trade Partners, Inc. ("TPI") in the amount of $75,000.00, secured by a first mortgage on real property in Yuma County, Arizona ("Yuma Property"). Under the terms of the loan, Mast was to receive 13% interest beginning in December 2001. To date, Mast has not received any payments from TPI on the loan.

On October 14, 2003, the Receiver sought approval from the Court to sell the Yuma Property, free and clear of all liens, claims and encumbrances (Dkt. 235). Any liens or claims associated with the property would attach to the proceeds of the sale. On November 7, 2003, the Court entered an Order granting the Receiver's Motion (Dkt. 290). Accordingly, on March 2, 2004, the Receiver closed on the sale of the property and the net proceeds, $118,977.21, were segregated in the Receivership savings account pending resolution of all of the claims against the property.

Mast filed a claim for the full amount of his principal plus interest through the date of final payoff. The Receiver contended that the conveyance of the mortgage was a possible fraudulent transfer and that Mast had not properly perfected his lien. After negotiations, the parties reached an agreement, subject to Court approval, whereby Mast would be paid $88,000.00 from the proceeds of the Yuma property sale. In exchange, Mast would agree to release his mortgage and waive any further claims related to the loan.

Accordingly, the Receiver has requested authority to pay Mast $88,000.00 and believes that the agreement is in the best interest of the estate. All other potential claims against the Yuma Property have been resolved. The Receiver further requests that the remaining $30,977.21 be released and placed with the general Receivership funds for distribution to the various claimants.

No objection or opposition has been filed to the Receiver's motion. Further, the Receiver did net the Receivership estate some gain from the Yuma Property. Therefore, I recommend that the Receiver's Motion to Pay Claim of Robert J. Mast (A-03756) (Dkt. 1466) be **granted**, that the Receiver be granted authority to pay Mast $88,000.00, and that the remaining $30,977.21 be released and placed with the general Receivership funds for distribution to the various claimants.

Respectfully submitted,

Date: December 15, 2006         /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 949-950 (6th Cir. 1981).