UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

            Plaintiff,

                                            File No.  1:03-CV-236

v.

                                            HON. ROBERT HOLMES BELL

TRADE PARTNERS, INC., et al.,

            Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**
**APPROVING REPORT AND RECOMMENDATION**

Magistrate Judge Ellen S. Carmody filed a Report and Recommendation ("R&R") on November 17, 2006, (Docket # 1497), recommending that Milton W. Mueller's Objection to the Amended Proposed Plan of Distribution (Docket # 1416) be denied.  Mr. Mueller, appearing *pro se*, has filed objections to the R&R.  (Docket # 1500).  This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

Mr. Mueller contends that the Magistrate Judge erroneously determined that TPI was the owner of the VOY-J(1) policy and that in making this determination the Magistrate Judge ignored the documentary evidence that showed that Kelco was the owner of record.

The Magistrate Judge did not ignore the documentary evidence.  Instead, the Magistrate Judge found that TPI was the beneficial owner of the policy notwithstanding the

documentary evidence that showed Kelco as the owner. Although the Receiver did not produce the written documentation by which TPI purchased the VOY policies, the Receiver did produce the affidavit of Charles P. Collier, which was supported by bank records indicating wire transfers on November 20, 1997, and evidence that TPI paid the premiums on the policy. Upon *de novo* review the Court is satisfied that the Magistrate Judge's finding that TPI owned the VOY-J(1) policy is correct.

This Court is not persuaded by Mr. Mueller's contention that the VOY-J(1) policy should not be subject to pooling. Although the policy matured prior to the pooling order, it did not mature until after the creation of the Receivership. The Court agrees with the Magistrate Judge's determination that because it is not possible to trace which investors' funds were used to pay the premiums on the VOY-J(1) policy prior to the creation of the Receivership, the pooling of this policy together with the other policies and a pro rata distribution to all investors is equitable and appropriate.

Finally, Mr. Mueller objects to the Magistrate Judge's rejection of his claim that he should be entitled to his beneficial interest in the proceeds of the VOY-J(1) policy because he was an irrevocable beneficiary. Mr. Mueller's citation to contract and insurance law ignores the equitable principles that govern this Receivership estate. The Magistrate Judge correctly determined that because the policy was owned by TPI, and because the policy had not matured before the creation of the Receivership estate, the policy was properly brought into the Receivership estate and subjected to pooling. Mr. Mueller has received more than

sufficient opportunity to be heard on the issue of the ownership of the policy and his interest in it.  Accordingly,

 **IT IS HEREBY ORDERED** that the November 17, 2006, Report and Recommendation (Docket # 1497) is **APPROVED AND ADOPTED** as the opinion of this Court.

 **IT IS FURTHER ORDERED** that Mr. Mueller's objection to the Amended Proposed Plan of Distribution (Docket # 1416) is **DENIED**.

Date:   January 30, 2007            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE