UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

    Plaintiff,

v.

TRADE PARTNERS, INC., et al.,

    Defendants.
_____/

Hon. Robert Holmes Bell

Case No. 1:03-cv-00236

## REPORT AND RECOMMENDATION

This matter is before the Court on MassMutual's Motion for Relief from Order Directing Change of Ownership of Certain Insurance Policies (Dkt. 1534), which request was objected to by the Receiver in a corresponding motion for order to show cause (Dkt. 1560). The motion sought relief from an Order directing life insurance companies to change ownership of policies to the Receiver or his designee and the subsequent Order approving the sale of the portfolio of life insurance policies to Universal Settlements International, Inc. ("USI") . A hearing was held on June 5, 2007.

Massachusetts Mutual Life Insurance Company ("MassMutual") did not appear at the hearing, despite having been served with the hearing notice (Dkt. 1567). The basis of MassMutual's request was a September 29, 2006 Ontario Securities Commission order (Dkt. 1534-2) concluding that USI had not complied with the registration and prospectus requirements of Ontario securities law with respect to the sale of viaticals. The Ontario Securities Commission entered a cease and

desist order, a copy of which can be found at Dkt. 1534-2.  A copy of that order is also attached as Exhibit A to this Report and Recommendation.  The undersigned recommends that MassMutual's motion be denied and the Receiver's corresponding motion be granted.

At the hearing, Ms. Kay Kress appeared on behalf of USI and represented that USI was in the process of complying with all registration and prospectus requirements imposed by the Ontario Securities Commission.  Second, the cease and desist order is prospective only, and does not apply to amounts already committed by investors.  Therefore, it is recommended that MassMutual's motion (Dkt. 1534) be **denied** and that the Receiver's motion for order to show cause (Dkt. 1560) be **granted**.  It is further recommended that MassMutual be ordered to comply with this Court's July 21, 2003 (Dkt. 141) and July 19, 2005 (Dkt. 1057) Orders within 14 days or show cause why it should not be held in contempt of Court.

Respectfully Submitted,

Date:  August 15, 2007

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).