UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

       Plaintiff,                                    Hon. Robert Holmes Bell

v.                                                            Case No. 1:03-cv-00236

TRADE PARTNERS, INC., et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Receiver's Motion for Order Determining Rights of Irrevocable Beneficiaries and Releasing Funds from Registry of the Court (Dkt. 1658), which was referred to the undersigned by the Honorable Robert Holmes Bell for report and recommendation.

At numerous times during the pendency of this matter, the issue of how "irrevocable beneficiaries" on insurance policies which are assets of the Receivership should be dealt with in conjunction with the formulation of a plan on distribution, determination of claims, and in relation to various ancillary litigation. The Receivership is now at a stage where a determination of the rights of those beneficiaries should be made.[1] Previously, the Court has specifically reserved the treatment of direct investors/irrevocable beneficiaries. The Receiver now requests that these beneficiaries be treated the same as any other Class "A" claimant for pro rata distribution of the respective net cash

---

[1] See Receiver's Motion for Order Directing Payment of Death Benefits to the Court - Unmatured Policies (Dkt. 353) and Receiver's Motion for Order Directing Payment of Death Benefits to the Court (Dkt. 209); see also Receiver's Brief on the Status of Policies Naming Irrevocable Beneficiaries or Owners of Record Other Than Trade Partners (Dkt. 370)

loss. All of these 226 approved claimants have received notice of the motion and memorandum proposing this form of treatment (Dkt. 1658, 1659, p. 3, fn. 3).

Pursuant to prior orders and stipulations, the Clerk of the Court is presently holding $345,758.35 plus any accrued interest as follows:

| Account Description | Deposit Description | Deposit Amount |
|---|---|---|
| Court Register Case #1:03-cv-00236 | Maturity proceeds VOY-J(1) and (2) | $166,826.25 |
| | Maturity Proceeds EXT-P(058) | 50,697.64 |
| | Maturity Proceeds SHU-R | 52,493.28 |
| | Maturity Proceeds LOV-R | 53,108.18 |
| | Maturity Proceeds CAR-R(3) | 22,633.00 |
| | TOTAL: | $345,758.35 |

Only two of the 226 beneficiaries objected to the proposed treatment of irrevocable beneficiaries, Messrs. Mueller and Taber. Mr. Mueller's claims have already been resolved and Mr. Taber candidly admitted at an evidentiary hearing that he was not an irrevocable beneficiary of any policy. (See Dkt. 1593, transcript of June 5, 2007 hearing, at p. 104). Thus, as a practical matter, no irrevocable beneficiary has objected to being treated as a Class "A" claimant pursuant to this Court's Order (Dkt. 1523) approving and adopting Report and Recommendation regarding Receiver's First Amended Plan of Distribution (Dkt. 1501). Thus, for reasons stated below, it is recommended that investors designated as "irrevocable beneficiaries" on the books and records of insurance companies should be treated the same as all other investors in viaticals who have been classified as "A" claimants in the Receivership.

## FACTS

Trade Partners generally recorded fractionalized beneficial interests in policies with a trustee, such as the Trustee of the TPI Grand Trust, or the Trustee of the TPK Grand Trust. Yet, early on when Trade Partners began its sale of beneficial interests in viaticated life insurance policies, in at least 226 cases, Trade Partners purported to record the beneficial interest of the investor at the insurance company insuring the viator. Thus, instead of recording a trustee as the beneficiary on the policy, the investor was recorded on the books and records of the insurance company as a beneficiary or in some cases as an irrevocable beneficiary.

However, once pooling and *pro rata* distribution were adopted, there was no functional difference between designation as a beneficiary or irrevocable beneficiary. All of the investors were investing in a viatical investment marketed by Trade Partners or its associates. All investors forwarded their funds directly to Trade Partners. They all relied upon Trade Partners to escrow sufficient funds to pay the premiums. All premiums were paid by Trade Partners to the insurance company (or later by the Receiver to the insurance company). All investors were involved as victims in the Ponzi scheme, which involved taking money from subsequent investors to pay ongoing operational expenses, commissions, premiums, interest, and other expenses incurred for earlier investors. All investors equally bore the same certainty of lapse in insurance policies had the Ponzi scheme not been carried out. Despite the difference of beneficiary designation, when a policy matured, the proceeds were set up in all cases to flow outside of the control of Trade Partners to the investor (since the trustee was a mere pass-through to the investor).

## ANALYSIS

In receivership proceedings, tracing principles have been soundly rejected as a basis upon which to accord greater compensation to one class of victim over another where (1) the fraud has features that are similar or common to all victims, and (2) at least some commingling of funds occurred. *SEC v. Credit Bancorp, Ltd.,* 290 F.3d 80, 88-89 (2d Cir. 2002), *citing Cunningham, as Trustee for Ponzi v. Brown*, 265 U.S. 1 (1924); *SEC v. Forex Asset Mgt.*, 242 F.3d 325 (5th Cir. 2001); see also *CFTC v. Topworth Int l, Ltd.,* 205 F.3d 1107, 1115-16 (9th Cir. 1999); *U.S. v. Real Property Located at 13328 and 13324 State Hwy.*, 89 F.3d 551, 553 (9th Cir. 1996); *U.S. v. Vanguard Inv. Co.*, 6 F.3d 70, 73 (4th Cir. 1993).

The Sixth Circuit has also applied a pro-rata distribution among viatical investors. *Liberte Capital Group v. Capwill*, 462 F.3d 543 (6th Cir. 2006); *Liberte Capital Group v. Capwill*, 421 F. 3d 377 (6th Cir. 2005); *Liberte Capital Group v. Capwill*, 148 F. App'x. 426 (6th Cir. 2005) (unpublished opinion). However, the Sixth Circuit expressly observed that the question of the rights of an irrevocable beneficiary to superior treatment was not before the court in *Liberte* (id. at 434). Rather, such a case had been remanded for consideration consistent with the due process rights of the involved parties. *Id.*; citing *Liberte Capital Group v. Capwill*, 421 F.3d 377 (6th. Cir. 2005). The Court has been unable to locate any subsequent ruling on the status of irrevocable beneficiaries by either the district court or the Sixth Circuit in the *Liberte Capital Group* case.

The logic adopted by the Sixth Circuit in *Liberte Capital Group* and the related cases seems to apply with equal force to irrevocable beneficiaries. For example, the Sixth Circuit has explained that a decisive factor in favor of common treatment was the fact that post-receivership, pooled investor funds were used to pay premiums, and but for such funding, the policies would have lapsed.

148 F. App'x. at 435-36. In this case there was a similar pooling of funds ordered post-receivership in order to rescue the portfolio, and there was also an over five-year Ponzi-style commingling of funds and payment of premiums before the Receivership.

Further, it appears that these irrevocable beneficiaries have been accorded sufficient due process in that they have been served with relevant pleadings since as early of January 2004. See, for example, Dkt. 370. None has objected, excepting Mr. Mueller, whose claim has been resolved, and Mr. Taber, who was never an irrevocable beneficiary. Indeed, at the January 28, 2008 hearing, the Receiver reported that of the 229 investors originally designated as irrevocable beneficiaries, 227 of them have all cashed the checks received as a result of the approved plan of distribution.

## CONCLUSION

For these reasons, the Court recommends that:

1.      the Receiver's Motion for Order Determining Rights of Irrevocable Beneficiaries and Releasing Funds from Registry of the Court (Dkt. 1658) be granted;

2.      that the "irrevocable beneficiaries" be considered the same as any other viatical investor who has an allowed "A" claim;

3.      that all investors be afforded a pro rata distribution in accord with the Plan of Distribution previously approved by the Court; and

   4.  that the Clerk be directed to pay the funds and all accrued interest to the Receiver, with such funds to be included in funds to be distributed to allowed claimants.

                Respectfully submitted,

Date:  June 25, 2008           /s/ Ellen S. Carmody
                ELLEN S. CARMODY
                United States Magistrate Judge

  OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).