UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

        Plaintiff,

                                          File No.  1:03-CV-236

v.

                                          HON. ROBERT HOLMES BELL

TRADE PARTNERS, INC., et al.,

        Defendants.

_____/

## O P I N I O N

      Magistrate Judge Ellen S. Carmody filed a Report and Recommendation ("R&R") on March 3, 2008, recommending that Frank Taber's motion for limited intervention (Dkt. No. 1573) be granted and that his claim against Trade Partners, Inc. (Dkt. No. 1574) be granted in part as follows:  that he be granted a Class "A" claim in the amount of $1,000,000, and that he receive pro rata distribution along with all of the other Class "A" claimants.  (Dkt. No. 1689.)  Frank Taber has filed objections to the R&R.  (Dkt. No. 1693.)  The Receiver has filed a motion for enlargement of time to file a reply to Mr. Taber's objections.  (Dkt. Nos. 1695, 1697.)

      This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Frank Taber objects to the R&R.  He contends that his claim should be paid in full because he has a vested interest in the WAL-3 policy under Michigan law, and because he, in contrast to the other investors, was vigilant in protecting his rights.

There is no dispute that Mr. Taber has a vested property interest in the WAL-3 policy. However, that status does not distinguish him from the other Class "A" claimants.  Mr. Taber himself acknowledges that being directly registered with the insurance company does not distinguish his situation because hundreds of other Class "A" claimants were also "directly registered beneficiaries" or "irrevocable beneficiaries" or "owners of record" and had vested property interests under state law.  (Dkt. No. 1693, Obj. to R&R 11.)

Mr. Taber nevertheless contends that he is distinguishable from the other Class "A" claimants with vested property interests because he "acquired this status by diligence and tough negotiation, not by ordering off the menu of offerings."  (*Id.* at 12.)  Unlike the other claimants, he insisted on obtaining a status contrary to the offered company policy.  (*Id.* at 13.)  Unlike the other claimants, he did not simply follow Trade Partners'  "standard business practices."  (*Id.* at 14.)

Mr. Taber's attempt to distinguish himself from the other claimants is unavailing. Notwithstanding Mr. Taber's asserted "diligence and vigilance," he did not obtain any greater protections than the other Class "A" claimants obtained.  He did not obtain an ownership interest or a security interest in the policy.  Instead, he ended up in a position vis-

a-vis the WAL-3 policy that was no different from and no better than the position of many other claimants with vested interests in property owned by Trade Partners.

This Court previously approved the Receiver's first amended plan of distribution which called for a pooling approach and a pro rata distribution method rather than a tracing approach for the claims in this case.   (Dkt. No. 1523, 1/9/07 Order Approving R&R; Dkt. No. 1501, 12/01/06 R&R; Dkt. No. 1351, First Amended Plan of Distribution.)  The Court approved the pooling approach even for irrevocable beneficiaries of specific policies such as Mr. Mueller.  (Dkt. No. 1533, 1/30/07 Order 2; Dkt. No. 1497, 11/17/06 R&R 4-5.)  As noted in a previous R&R adopted by this Court, "'equality is equity' as among 'equally innocent victims.'" (Dkt. No. 1501, R&R 3 (quoting *Cunningham v. Brown*, 265 U.S. 1, 13 (1924)).  There is nothing about Mr. Taber's efforts that makes him more innocent than the other investors or that would suggest that he should be entitled to different treatment. Mr. Taber is similarly situated to the other Class "A" claimants, and it is equitable to treat him in a similar manner.

Mr. Taber has suggested that if the "law of the case" doctrine applies, it would clearly except him from pooling based upon Judge Enslen's ruling at the June 18, 2003, hearing. (Obj. to R&R 23.)  Contrary to Mr. Taber's suggestion, Judge Enslen's decision at the early stages of this case to except Mr. Taber's interests from pro-rata distribution does not constitute the "law of the case."  (Dkt. No. 144, Tr. of 6/18/03 Hr'g).  Judge Enslen did not

make a finding of fact or a ruling on the merits of Mr. Taber's claim. He simply maintained the status quo pending a ruling on Mr. Taber's interests.

Mr. Taber has now had an opportunity to develop the facts surrounding his claim. Upon *de novo* review of the R&R in light of Mr. Taber's objections, the Court concludes that the Magistrate Judge correctly determined that Mr. Taber should receive a pro rata distribution in the same manner as the other Class "A" claimants.

An order consistent with this opinion will be entered.


Dated: <u>September 16, 2008</u>          <u>/s/ Robert Holmes Bell</u>
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE