UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

        Plaintiff,

                                                         File No.  1:03-CV-236

v.

                                                         HON. ROBERT HOLMES BELL

TRADE PARTNERS, INC., et al.,

        Defendants.
                                           /

**MEMORANDUM OPINION AND ORDER
<u>ADOPTING REPORT AND RECOMMENDATION</u>**

       Magistrate Judge Ellen S. Carmody filed a Report and Recommendation ("R&R") on June 25, 2008, recommending that the Receiver's motion for an order determining the rights of "irrevocable beneficiaries" and releasing funds (Dkt. No. 1658, Receiver's Mot.) be granted, and that "irrevocable beneficiaries" be considered the same as any other viatical investor who has an allowed Class "A" claim. (Dkt. No. 1715, 6/25/08 R&R.) Frank Taber has filed objections to the R&R. (Dkt. No. 1718, Obj. to R&R.)

       This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Magistrate Judge noted in her R&R that none of the 226 individuals identified by the Receiver as "irrevocable beneficiaries" objected to being treated the same as the other Class "A" claimants except Mr. Mueller, whose claim has been resolved, and Mr. Taber, who was never an "irrevocable beneficiary." (R&R 5.) Mr. Taber does not object to the Magistrate Judge's factual finding that he was never an "irrevocable beneficiary." Mr. Taber testified at the June 5, 2007, hearing that he was not an "irrevocable beneficiary." (Dkt. No. 1593, 6/5/07 Hr'g Tr. 104.) He also notes in his objections that he "is not and has never been an irrevocable beneficiary." (Obj. to R&R 3.) Neither does Mr. Taber purport to object on behalf of other "irrevocable beneficiaries" to their recommendation on how they should be treated. Instead, Mr. Taber's objections to this R&R simply supplement his objections to the Magistrate Judge's March 3, 2008, R&R which addressed the treatment of Mr. Taber's claim. (Dkt. No. 1689, 3/3/08 R&R.)

On September 16, 2008, the Court adopted the Magistrate Judge's March 3, 2008, R&R. (Dkt. No. 1733.) Mr. Taber's current objections do not suggest any basis for reconsidering that order. Neither do they suggest a basis for rejecting the Magistrate Judge's June 25, 2008, R&R.

No other objections have been filed to the Magistrate Judge's June 25, 2008, R&R. The Court agrees with the Magistrate Judge's recommendation that the "irrevocable beneficiaries" should be considered the same as any other viatical investor who has an allowed Class "A" claim. Accordingly,

**IT IS HEREBY ORDERED** that Frank Taber's objections to the Magistrate Judge's June 25, 2008, R&R (Dkt. No. 1718) are **DENIED**.

**IT IS FURTHER ORDERED** that the Receiver's motion for an order determining the right of "irrevocable beneficiaries" and releasing funds from the registry of the Court (Dkt. No. 1658) is **GRANTED**.

**IT IS FURTHER ORDERED** that "irrevocable beneficiaries" shall be considered the same as any other viatical investor who has an allowed Class "A" claim.

**IT IS FURTHER ORDERED** that all investors shall be afforded a pro rata distribution in accord with the Plan of Distribution previously approved by the Court.

**IT IS FURTHER ORDERED** that the Clerk is directed to pay the funds and all accrued interest to the Receiver, with such funds to be included in funds to be distributed to allowed claimants.

Dated:   September 17, 2008              /s/ Robert Holmes Bell
                                                             ROBERT HOLMES BELL
                                                             UNITED STATES DISTRICT JUDGE