IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL J. QUILLING, Receiver for Advanced Financial Services, Inc., § § § Plaintiff, § § § vs. § § TRADE PARTNERS, INC., MACATAWA § BANK CORPORATION, successor by § merger to GRAND BANK, THOMAS J. § SMITH and CHRISTINE M. ZMUDKA, § § Defendants. § § | Civil Action No. 1:03-CV-0236 |

## REPORT AND RECOMMENDATION REGARDING DOCKET NOS. 1778 AND 1785

The Receiver was heard on two motions on June 4, 2009: <u>Motion for Authority to Make a Second Interim Distribution</u> (Dkt. 1778) and <u>Motion for Authority to Abandon Property</u> (Dkt. 1785). No opposition to the requested relief was filed for either motion; nor did anyone appear at the hearing to oppose the motions. As stated on the record at the hearing, the undersigned recommends that both motions be **granted**.

I.    <u>Receiver's Motion for Authority to Make a Second Interim Distribution</u> (Dkt. 1778)

As stated in the Receiver's motion and the 23rd Interim Report, it was anticipated that a final distribution would be made in July 2009, following approval of a Final Report and Plan. Several issues, including an appeal pending in the Sixth Circuit, have delayed that plan. The Receiver, mindful that this matter has been pending for years and that the allowed claimants need and deserve their money, requests authority to make an interim and additional partial distribution of $10,000,000. Although it will cost in the neighborhood of $50,000 to administer such a distribution, it is the

judgment of the undersigned that it is a cost well spent to ensure that claimants not wait even longer for at least another portion of their eventual return.  In addition, the attorney for the Receiver stated on the record at the hearing that the Receivership estate has reserved enough to cover any change in recovery due the appealing claimant, Mr. Taber, if his appeal is successful in the Sixth Circuit.

II.     <u>Receiver's Motion for Authority to Abandon Property</u> (Dkt. 1785)

The Receiver requests authority to abandon obsolete computer hardware. Sadly, it appears that in this day and age computer technology is evolving at such a rate that not only can the Receiver not sell the equipment for a net gain, he is having trouble giving it away.  Costs to store the materials exceed their value.  As such, the undersigned recommends that the Receiver be allowed to donate such materials for any charitable or public use, or as a last resort, to dispose of the equipment at his discretion.

Respectfully submitted,

Date:  June 17, 2009         /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 949-950 (6th Cir. 1981).