UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

    Plaintiff,

v.

TRADE PARTNERS, INC., et al.,

    Defendants.
_____/

Hon. Robert Holmes Bell

Case No. 1:03-cv-00236

## REPORT AND RECOMMENDATION

This matter is before the Court on the Receiver's Motion for Authority to Abandon Property (Dkt. 1796). According to the motion, the Receivership entity owned real property municipally known as 7187 Doc Adams Road in Marysville, Yuba County, California. It is a vacant lot that was acquired in June 1998 via a tax foreclosure sale for $9,000.00. It was subsequently determined that because of the size of the lot and the soil conditions, the lot was unsuitable for construction. Attempts to sell the property have been unsuccessful. The Receiver has received a delinquent tax notice from Yuba County. If taxes are not paid there will eventually be another tax foreclosure sale by Yuba County.

    The Receiver has concluded that:

1.     the Subject Property is of no practical value to the receivership estate;

2.     the continued ownership of the Subject Property imposes a financial burden on the receivership estate;

3.     the costs of selling the Subject Property exceed its fair market value;

4. the Subject Property cannot otherwise be transferred or conveyed to a third party in a manner that results in a net gain to the receivership estate.

The motion was taken under advisement in a hearing held on October 6, 2009, so that the motion and notice of the motion hearing could be served on the taxing authority, Yuba County, California. This service was made completed on October 7, 2009.

A follow-up hearing was held on December 1, 2009. No one appeared on behalf of the taxing authority; nor did the court receive notice by telephone or otherwise that the taxing authority objected to the abandonment of the property.

The Court may authorize the Receiver to abandon the subject property pursuant to its broad equitable powers. A court imposing a receivership assumes control and custody of all assets and property of the subject entity and may issue all orders necessary for the proper administration of the receivership estate. *Securities & Exch. Comm'n v. Wencke*, 622 F.2d 1363, 1370 (9th Cir. 1980); *Eller Indus., Inc. v. Indian Motorcycle Mfg., Inc.*, 929 F. Supp. 369, 372 (D. Colo. 1995). The receiver may not abandon receivership property without leave of the court. *Kluckhuhn v. Ivy Hill Ass'n, Inc.*, 461 A.2d 16, 19 (Md. Ct. Spec. App. 1983).

Therefore, based on the current circumstances and based on the taxing authority's failure to object to the granting of the motion, it is hereby recommended that the Receiver's Motion for Authority to Abandon Property (Dkt. 1796) be **granted**.

Date: December 7, 2009         /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order.

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).