UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

    Plaintiff,

v.

TRADE PARTNERS, INC., et al.,

    Defendants.

_____/

Hon. Robert Holmes Bell

Case No. 1:03-cv-00236

# REPORT AND RECOMMENDATION

Within the portfolio of policies included in this Receivership is a life insurance policy issued by Metropolitan Life Insurance Company ("MetLife"), policy number 12000G/15600, referenced in Trade Partners' records as WIS-M (the "Policy"), which Policy was viated to and owned by Trade Partners, directly or beneficially. Trade Partners purchased the Policy from Kelco, Inc. on May 3, 1999. The face death benefit is One Hundred Ninety-Five Thousand dollars ($195,000.00), and the Policy is administered by BP Benefit Center ("BP"). On July 21, 2003, this Court entered an Opinion and Order directing insurance companies to change ownership of policies to the Receiver or his designee. (Dkt. Nos. 140 and 141.)

On August 18, 2009, the Receiver filed a Motion for Issuance of Show Cause Order regarding BP's failure to change the ownership of the specified Policy (Dkt. 1826). At a hearing before Magistrate Judge Ellen S. Carmody on October 6, 2009, that motion was granted and on November 5, 2009, BP and MetLife were ordered to appear on December 1, 2009, and show cause why they should not change the

ownership of the specified Policy or be held in contempt of the Orders of this Court for failure to do so (Dkt. 1847). The Receiver filed a proof of service of the Order on BP Benefit Center and Metropolitan Life Insurance Company (Dkt. 1856).

No representative of BP or MetLife appeared at the December 1, 2009 hearing; nor did anyone contact the court on their behalf. At the hearing, the undersigned stated that she would enter a Report and Recommendation that the companies be held in contempt of court and sanctioned appropriately. The Receiver was ordered to submit an affidavit of his costs and expenses in bringing the motion, which he did (Dkt. 1868).

As the Receiver stated in his motion, and as discussed at the December 1, 2009 hearing, because the policy is clearly referenced in and subject to the Court's foregoing referenced Orders, and because Metropolitan Life Insurance Company is an insurance company affected by the Court's foregoing Orders, and because BP Benefit Center is administering the MetLife Policy and BP has received notice of the Court's foregoing Orders and all conditions for changing the ownership have been met, BP's ongoing refusal to change the ownership to the Receiver constitutes civil contempt of this Court's Orders.

A violation of a court order constitutes contempt. 18 U.S.C. § 401. A court has the power to punish those who violate its orders. *Id.*

Contempt proceedings can be initiated by a party requesting that the court issue a show cause order. Contempt proceedings are "summary in form and swift in execution." *American Airlines, Inc. v. Allied Pilot's Ass'n.*, 228 F. 3d 574, 583 (5th Cir. 2000). All that is required is "notice and an opportunity to be heard." *Id.* The purpose of civil contempt proceedings is to coerce the contemnor to comply with the court's orders. *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir.1994).

Such conditional punishment, which may be avoided by future compliance with the court's order, is the *sine qua non* of civil contempt. As stated in *Storey v. Storey*, 835 S.W.2d 593, 599 (Tenn. App. 1992):

> [t]he punishment in civil contempt is remedial, compelling the doing of something by the contemnor, which, when done, will work his discharge. Civil contempt judgments coerce the contemnor into complying with an order of the Court. It is often said that in civil contempt cases, the contemnor has the keys to the jailhouse door in his own pocket.

"The Court possesses broad discretion in enforcing civil contempt and in fashioning sanctions. It is well settled that the courts may impose fines to compensate those injured by contemptuous acts. . . . The Court has the authority not only to impose compensive fines but also sanctions to coerce compliance with its orders." *Commodity Futures Trading Com'n v. Skorupskas*, 605 F. Supp 923, 944. (E.D. Mich. 1985) (Citations omitted.)

A court can punish those who violate its orders by fine or imprisonment. 18 U.S.C. § 401. The court may also award other relief such as damages and attorney's fees. *American Airlines, Inc. v. Allied Pilot's Ass'n.*, 228 F. 3d 574, 585, (5th Cir. 2000).

As such:

**IT IS HEREBY RECOMMENDED** that BP Benefit Center and Metropolitan Life Insurance Company be held in civil contempt and sanctioned as follows:

1. That BP Benefit Center and Metropolitan Life Insurance Company be ordered to pay to the Receivership the face value of the policy, One Hundred Ninety-Five Thousand dollars ($195,000.00); and

2.	That BP Benefit Center and Metropolitan Life Insurance Company be ordered to pay the Receiver's fees and costs incurred in pursuing this relief, namely, 16.5 hours at his customary hourly rate in this matter of $395.00, for a total of $6,517.50.

The Receiver shall serve this Report and Recommendation on BP Benefit Center and Metropolitan Life Insurance Company and shall file proof of service of same.

Date: January 19, 2010   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).