UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL J. QUILLING,

     Plaintiff,                            Hon. Robert Holmes Bell

v.                                      Case No. 1:03-cv-00236

TRADE PARTNERS, INC., et al.,

     Defendants.

_____/


**REPORT AND RECOMMENDATION**


     One of the life insurance policies included in this Receivership is a life insurance policy issued by Pioneer Life Insurance Company ("Pioneer"), Policy No. PL9630374 (referred to in the Receivership as HAU-J (5)) ("Policy"). The Policy is recorded on the books of the insurance company as owned by Thomas Smith, the former President and 50% owner of Trade Partners. Mr. Smith is under orders to make restitution to the Receiver, and the policy should be owned by the Receiver for the benefit of the creditor/investors. The face death benefit is Thirty-Five Thousand dollars ($35,000.00). On July 21, 2003, this Court entered an Opinion and Order directing insurance companies to change ownership of policies to the Receiver or his designee. (Dkt. Nos. 140 and 141.)

     On August 7, 2009, the Receiver filed a Motion for Issuance of Show Cause Order regarding Pioneer's failure to change the ownership of the specified Policy (Dkt. 1814). At a hearing before Magistrate Judge Ellen S. Carmody on October 6, 2009, that motion was granted and on November 5, 2009, Pioneer was ordered to appear on December 1, 2009, and show cause why it should not change

the ownership of the specified Policy or be held in contempt of the Orders of this Court for failure to do so (Dkt. 1850). The Receiver filed a proof of service of the Order on Pioneer (Dkt. 1885).

No representative of Pioneer appeared at the December 1, 2009 hearing; nor did anyone contact the court on the company's behalf. At the hearing, the undersigned stated that she would enter a Report and Recommendation that the company be held in contempt of court and sanctioned appropriately. The Receiver was ordered to submit an affidavit of his costs and expenses in bringing the motion, which he did (Dkt. 1867).

As the Receiver stated in his motion, and as discussed at the December 1, 2009 hearing, because the policy is clearly referenced in and subject to the Court's foregoing referenced Orders, and because Pioneer is an insurance company affected by the Court's foregoing Orders, and has received notice of the Court's foregoing Orders and all conditions for changing the ownership have been met, Pioneer's ongoing refusal to change the ownership to the Receiver constitutes civil contempt of this Court's Orders.

A violation of a court order constitutes contempt. 18 U.S.C. § 401. A court has the power to punish those who violate its orders. *Id.*

Contempt proceedings can be initiated by a party requesting that the court issue a show cause order. Contempt proceedings are "summary in form and swift in execution." *American Airlines, Inc. v. Allied Pilot's Ass'n.*, 228 F. 3d 574, 583 (5th Cir. 2000). All that is required is "notice and an opportunity to be heard." *Id.* The purpose of civil contempt proceedings is to coerce the contemnor to comply with the court's orders. *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir.1994).

Such conditional punishment, which may be avoided by future compliance with the court's order, is the *sine qua non* of civil contempt. As stated in *Storey v. Storey*, 835 S.W.2d 593, 599 (Tenn. App. 1992):

> [t]he punishment in civil contempt is remedial, compelling the doing of something by the contemnor, which, when done, will work his discharge. Civil contempt judgments coerce the contemnor into complying with an order of the Court. It is often said that in civil contempt cases, the contemnor has the keys to the jailhouse door in his own pocket.

"The Court possesses broad discretion in enforcing civil contempt and in fashioning sanctions. It is well settled that the courts may impose fines to compensate those injured by contemptuous acts. . . . The Court has the authority not only to impose compensive fines but also sanctions to coerce compliance with its orders." *Commodity Futures Trading Com'n v. Skorupskas*, 605 F. Supp 923, 944. (E.D. Mich. 1985) (Citations omitted.)

A court can punish those who violate its orders by fine or imprisonment. 18 U.S.C. § 401. The court may also award other relief such as damages and attorney's fees. *American Airlines, Inc. v. Allied Pilot's Ass'n.*, 228 F. 3d 574, 585, (5th Cir. 2000).

As such:

**IT IS HEREBY RECOMMENDED** that Pioneer Life Insurance Company be held in civil contempt and sanctioned as follows:

1.      That Pioneer Life Insurance Company be ordered to pay to the Receivership the face value of the policy, Thirty-Five Thousand dollars ($35,000.00); and

2.      That Pioneer Life Insurance Company be ordered to pay the Receiver's fees and costs incurred in pursuing this relief, namely, 12.5 hours at his customary hourly rate in this matter of $395.00, for a total of $4,937.50.

The Receiver shall serve this Report and Recommendation on Pioneer Life Insurance Company and shall file proof of service of same.

Date: January 19, 2010                    _/s/ Ellen S. Carmody_____
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).