UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

        Plaintiff,

vs.

TRADE PARTNERS, INC., et al.

        Defendants.

Case No. 1:03-cv-0236

Hon. Robert Holmes Bell

Magistrate Judge Ellen S. Carmody

_____/

Bruce S. Kramer (TN Bar No. 7472)
Receiver
Kramer & Crone, PLC
80 Monroe Ave. Suite G-1
Memphis, Tennessee 38103
Telephone: (901) 524-0200
E-Mail: bkramer@kramercrone.com

David M. Davis (P24006)
Attorney for MetLife, New England Life
American Airlines
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800
E-Mail: dmd@hardylewis.com

John M. Boyda (P39268)
Attorney for BP Corporation
Hardy, Lewis & Page, P.C.
401 South Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800
E-Mail: jmb@hardylewis.com

_____/

STIPULATED REPORT AND RECOMMENDATION REGARDING
ASSIGNMENT OF BENEFICIAL OWNERSHIP INTEREST OF
ANTHONY CATALDO IN LIFE INSURANCE BENEFITS UNDER THE
GROUP LIFE AND HEALTH BENEFITS PLAN OF
<u>PARTICIPATING AMR CORPORATION SUBSIDIARIES</u>

       This matter comes before the Court upon the Motion of the Receiver, Bruce S. Kramer ("Motion"), to require Metropolitan Life Insurance Company ("MetLife") and American Airlines ("AA"), to change their records to reflect the assignment by Anthony Cataldo of his beneficial ownership interest of his life insurance benefits under the Group Life and Health Benefits Plan for

Employees of Participating AMR Corporation Subsidiaries ("Plan") to Bruce S. Kramer, Receiver for Trade Partners. The Motion was referred to the undersigned for Report and Recommendation.

The Life Insurance under the Plan is funded by a group policy (No. 29900-G) issued by Metropolitan Life Insurance Company to American Airlines, Inc.. With respect to the life insurance under the Plan, AA is record keeper and upon the death of a participant, MetLife is advised by AA of the amount of the coverage, the designated beneficiary and other information enabling MetLife to determine the proper payee of the life insurance benefit.

Further, on January 28, 1999, Anthony Cataldo assigned $83,600 of his beneficial ownership interest in his life insurance to Kelco, Inc., which subsequently assigned such interest to Bruce S. Kramer, Receiver for Trade Partners, Inc. (The further Assignment to Trade Partners, Inc., was submitted on an improper form, applicable to an individual policy rather than a group policy.) The Parties further recognize that the amount of the life insurance benefit payable upon the death of Anthony Cataldo will be determined by the terms and provisions of applicable employee benefit plans maintained by AA.

The undersigned conducted a hearing on the Receiver's Motion and submits this Report and Recommendation, with the consent and upon the stipulation of the Parties:

IT IS HEREBY RECOMMENDED that it was the intent of the insured, Anthony Cataldo, to assign and convey the beneficial ownership interest in the life insurance benefits under the group policy (No. 29900-G)) in the amount of $83,600, to Kelco. Although the assignment from Kelco, Inc., to Trade Partners, Inc., was submitted on an improper form, nevertheless, the assignment is valid and the beneficial ownership interest of Anthony Cataldo in the life insurance benefits not to exceed $83,600, payable under the Plan upon his death is assigned to Bruce S. Kramer in his capacity as Receiver for Trade Partners, Inc., or his successor or designee.

IT IS FURTHER RECOMMENDED that AA shall make certain that its records reflect that the beneficial ownership interest of Anthony Cataldo in the Plan of life insurance benefits in the amount of $83,600 has been assigned to Bruce S. Kramer, Receiver for Trade Partners, Inc. and shall provide Kramer with confirmation that is records reflect such assignment.

IT IS FURTHER RECOMMENDED that AA shall notify Bruce Kramer, Receiver, or his successor of any voluntary attempt, request or election by Anthony Cataldo that would reduce the amount of his life insurance coverage below $83,600.

IT IS FURTHER RECOMMENDED that if the life insurance for Anthony Cataldo is terminated and a conversion policy or conversion option is available under the terms of the Plan, that AA provide timely notice to the Receiver or his successor to convert the life insurance coverage in the amount that was subject to termination, not to exceed the amount of $83,600.

IT IS FURTHER RECOMMENDED that Bruce S. Kramer, Receiver, shall be responsible for providing the Plan with any updated contact information and shall fully cooperate with any administrative requirements necessary to preserve his beneficial ownership, including completion of any requested documentation as required by AA or MetLife. Notice to AA should be sent to American Airlines, Inc., HR Services – Survivor Support Services, 12404 Park Central Suite 200, Dallas, TX 75251.

IT IS FURTHER RECOMMENDED that upon the death of Anthony Cataldo the life insurance benefit payable under the terms of the Plan at the time of his death, not to exceed $83,600, shall be payable to Bruce S. Kramer, Receiver for Trade Partners, Inc., or his successor, and AA shall so advise MetLife upon Cataldo's death.

IT IS FURTHER RECOMMENDED that at the time of Anthony Cataldo's death, MetLife can rely upon the information provided by AA as being true and accurate, and will accept the assignment to Bruce S. Kramer, Receiver for Trade Partners, Inc, or his successor, and by MetLife

paying the life insurance benefits under the Plan according to such information is completely discharged and released from any further liability.

IT IS FURTHER RECOMMENDED that, recognizing that AA has reserved the right to amend or terminate the Plan, in the event its group policy or policies issued to American Airlines, Inc., are canceled, amended, revised, or renegotiated such that the amount of coverage for Anthony Cataldo is reduced or terminated, MetLife shall have no liability beyond the payment of life insurance benefits due under the terms of the applicable group policy in effect at the time of Anthony Cataldo's death.

IT IS FURTHER RECOMMENDED that upon payment of the life insurance benefits to Bruce S. Kramer, Receiver for Trade Partners, Inc., or his successor or designee, AA and MetLife will be released from any additional liability or responsibility under the Plan whether arising under the Employee Retirement Income Security Act of 1974, as amended, and/or any other federal or state law, including without limitation, attorneys' fees and disbursements.

IT IS FURTHER RECOMMENDED that upon certification by the Receiver that he has received confirmation that AA has changed its records to reflect that the beneficial ownership interest of Anthony Cataldo in the Plan (which is currently in the amount of $83,600) has been assigned to Bruce S. Kramer, Receiver for Trade Partners, Inc., the Motion for Order to Show Cause against MetLife and American Airlines (Dkt. No. 1874) be DISMISSED WITH PREJUDICE and without an award of sanctions, costs, interest or attorney fees.

Date: August 16, 2010         /s/ Ellen S. Carmody
                              ELLEN S. CARMODY
                              United States Magistrate Judge

Agreed to by:

s/Bruce S. Kramer                                   s/David M. Davis

Bruce S. Kramer (TN Bar No. 7472)                   David M. Davis (P24006)
Receiver for Trade Partners, Inc.                   Attorney for MetLife and American Airlines
Borod and Kramer, P.C.                              Hardy, Lewis & Page, P.C.
80 Monroe Ave. Suite G-1                            401 South Old Woodward Avenue, Ste. 400
Memphis, Tennessee 38103                            Birmingham, Michigan 48009