UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL J. QUILLING,

    Plaintiff,

v.

TRADE PARTNERS, INC., et al.,

    Defendants.
                                   /

File No. 1:03-CV-236

HON. ROBERT HOLMES BELL

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 16, 2010, Magistrate Judge Ellen S. Carmody filed a stipulated report and recommendation ("R&R") regarding assignment of the beneficial ownership interest of Anthony Cataldo in life insurance benefits under the Group Life and Health Benefits Plan for Employees of Participating AMR Corporation Subsidiaries (the "Plan"). (Dkt. No. 1967.) No objections to the R&R have been filed within the time period specified by 28 U.S.C. § 636(b)(1)(C). The Court has reviewed the stipulated R&R and agrees with its recommendation. Accordingly,

**IT IS HEREBY ORDERED** that the August 16, 2010, stipulated R&R (Dkt. No. 1967) is **APPROVED AND ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** and **DECLARED** that it was the intent of the insured, Anthony Cataldo, to assign and convey the beneficial ownership interest in the life insurance

benefits under the group policy (No. 29900-G) in the amount of $83,600, to Kelco. Although the assignment from Kelco, Inc., to Trade Partners, Inc., was submitted on an improper form, nevertheless, the assignment is valid and the beneficial ownership interest of Anthony Cataldo in the life insurance benefits not to exceed $83,600, payable under the Plan upon his death is assigned to Bruce S. Kramer in his capacity as Receiver for Trade Partners, Inc., or his successor or designee.

**IT IS FURTHER ORDERED** that American Airlines ("AA") shall make certain that its records reflect that the beneficial ownership interest of Anthony Cataldo in the Plan of life insurance benefits in the amount of $83,600 has been assigned to Bruce S. Kramer, Receiver for Trade Partners, Inc. and shall provide Kramer with confirmation that its records reflect such assignment.

**IT IS FURTHER ORDERED** that AA shall notify Bruce Kramer, Receiver, or his successor of any voluntary attempt, request or election by Anthony Cataldo that would reduce the amount of his life insurance coverage below $83,600.

**IT IS FURTHER ORDERED** that if the life insurance for Anthony Cataldo is terminated and a conversion policy or conversion option is available under the terms of the Plan, that AA provide timely notice to the Receiver or his successor to convert the life insurance coverage in the amount that was subject to termination, not to exceed the amount of $83,600.

**IT IS FURTHER ORDERED** that Bruce S. Kramer, Receiver, shall be responsible for providing the Plan with any updated contact information and shall fully cooperate with any administrative requirements necessary to preserve his beneficial ownership, including completion of any requested documentation as required by AA or Metropolitan Life Insurance Company ("MetLife"). Notice to AA should be sent to American Airlines, Inc., HR Services – Survivor Support Services, 12404 Park Central Suite 200, Dallas, TX 75251.

**IT IS FURTHER ORDERED** that upon the death of Anthony Cataldo the life insurance benefit payable under the terms of the Plan at the time of his death, not to exceed $83,600, shall be payable to Bruce S. Kramer, Receiver for Trade Partners, Inc., or his successor, and AA shall so advise MetLife upon Cataldo's death.

**IT IS FURTHER ORDERED** that at the time of Anthony Cataldo's death, MetLife can rely upon the information provided by AA as being true and accurate, and will accept the assignment to Bruce S. Kramer, Receiver for Trade Partners, Inc, or his successor, and by MetLife paying the life insurance benefits under the Plan according to such information is completely discharged and released from any further liability.

**IT IS FURTHER ORDERED** that, recognizing that AA has reserved the right to amend or terminate the Plan, in the event its group policy or policies issued to American Airlines, Inc., are canceled, amended, revised, or renegotiated such that the amount of coverage for Anthony Cataldo is reduced or terminated, MetLife shall have no liability

beyond the payment of life insurance benefits due under the terms of the applicable group policy in effect at the time of Anthony Cataldo's death.

**IT IS FURTHER ORDERED** that upon payment of the life insurance benefits to Bruce S. Kramer, Receiver for Trade Partners, Inc., or his successor or designee, AA and MetLife will be released from any additional liability or responsibility under the Plan whether arising under the Employee Retirement Income Security Act of 1974, as amended, and/or any other federal or state law, including without limitation, attorneys' fees and disbursements.

**IT IS FURTHER ORDERED** that upon certification by the Receiver that he has received confirmation that AA has changed its records to reflect that the beneficial ownership interest of Anthony Cataldo in the Plan (which is currently in the amount of $83,600) has been assigned to Bruce S. Kramer, Receiver for Trade Partners, Inc., the Motion for Order to Show Cause against MetLife and American Airlines (Dkt. No. 1874) will be dismissed with prejudice and without an award of sanctions, costs, interest or attorney fees.


Dated: September 9, 2010               /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE