UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

    Plaintiff,

v.

TRADE PARTNERS, INC., et al.,

    Defendants.

                                   /

File No. 1:03-CV-236

HON. ROBERT HOLMES BELL

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 16, 2010, Magistrate Judge Ellen S. Carmody filed a stipulated Report and Recommendation ("R&R") regarding assignment of the beneficial ownership interest of Michael Wisser in life insurance benefits under the BP Consolidated Welfare Benefit Plan (the "Plan"). (Dkt. No. 1968.) No objections to the R&R have been filed within the time period specified by 28 U.S.C. § 636(b)(1)(C). The Court has reviewed the R&R and agrees with its recommendation. Accordingly,

**IT IS HEREBY ORDERED** that the August 16, 2010, stipulated R&R (Dkt. No. 1968) is **APPROVED AND ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** and **DECLARED** that it was the intent of the insured, Michael Wisser, to assign and convey the beneficial ownership interest in the life insurance benefits under the group policy (No. 12000-G) in the amount of $195,000, but currently in

the amount of $78,000, to Kelco. Although the assignment from Kelco, Inc., to Trade Partners, Inc., was submitted on an improper form, nevertheless, the assignment is valid and the beneficial ownership interest of Michael Wisser in the life insurance benefits currently $78,000, not to exceed $195,000, payable under the Plan upon his death is assigned to Bruce S. Kramer, in his capacity of Receiver for Trade Partners, Inc., or his successor or designee.

**IT IS FURTHER ORDERED** that BP Benefits Centers of BP Corporation North America, Inc. ("BP") shall make certain that its records reflect that the beneficial ownership interest of Michael Wisser in the Plan has been assigned to Bruce S. Kramer, Receiver for Trade Partners, Inc., and BP shall provide the Receiver, Bruce Kramer, with confirmation that its records reflect such assignment.

**IT IS FURTHER ORDERED** that BP shall notify Bruce Kramer, Receiver, or his successor of any voluntary attempt, request or election by Michael Wisser that would reduce the amount of his life insurance coverage below $78,000.

**IT IS FURTHER ORDERED** that if the life insurance for Michael Wisser is terminated and a conversion policy or conversion option is available under the terms of the Plan, that BP provide timely notice to the Receiver or his successor to convert the life insurance coverage in the amount that was subject to termination, not to exceed the amount of $195,000.

**IT IS FURTHER ORDERED** that Bruce S. Kramer, Receiver, shall be responsible for providing the Plan with any updated contact information and shall fully cooperate with any administrative requirements necessary to preserve his beneficial ownership, including

completion of any requested documentation as required by BP or MetLife. Notice to BP should be sent to BP America, Attn: BP Legal, LEEB Benefits Team, 501 Westlake Park Blvd., Houston, Texas 77079.

**IT IS FURTHER ORDERED** that upon the death of Michael Wisser the life insurance benefit payable under the terms of the Plan at the time of his death, currently $78,000, not to exceed $195,000, shall be payable to Bruce S. Kramer, Receiver for Trade Partners, Inc., or his successor or designee, and BP shall so advise MetLife upon Michael Wisser's death.

**IT IS FURTHER ORDERED** that at the time of Michael Wisser's death, MetLife can rely upon the information provided by BP as being true and accurate, and will accept the assignment to Bruce S. Kramer, Receiver for Trade Partners, Inc, or his successor, and by MetLife paying the life insurance benefits under the Plan according to such information is completely discharged and released from any further liability.

**IT IS FURTHER ORDERED** that, recognizing that BP has reserved the right to amend or terminate the Plan, in the event its group policy or policies issued to BP Welfare Plan Trust - III are canceled, amended, revised, or renegotiated such that the amount of coverage for Michael Wisser is reduced or terminated, MetLife shall have no liability beyond the payment of life insurance benefits due under the terms of the applicable group policy in effect at the time of Wisser's death.

**IT IS FURTHER ORDERED** that upon payment of the life insurance benefits to Bruce S. Kramer, Receiver for Trade Partners, Inc., or his successor, BP and MetLife will be released from any additional liability or responsibility under the Plan, whether arising under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, and/or any other federal or state law, including without limitation attorneys' fees and disbursements.

**IT IS FURTHER ORDERED** that upon certification by the Receiver that he has received confirmation that BP has changed its records to reflect that the beneficial ownership interest of Michael Wisser in the Plan (which is currently in the amount of $78,000) has been assigned to Bruce S. Kramer, Receiver for Trade Partners, Inc., the Amended Motion Against BP Benefit Center (Dkt. 1826) and the resulting Order to Show Cause will be dismissed with prejudice and without an award of sanctions, costs, interest or attorney fees.

Dated: September 9, 2010                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE