UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

       Plaintiff,

                                    File No.  1:03-CV-236

v.

                                    HON. ROBERT HOLMES BELL

TRADE PARTNERS, INC., et al.,

       Defendants.
_____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On March 22, 2011, Magistrate Judge Ellen S. Carmody filed a Report and Recommendation ("R&R") recommending that the Receiver's motion for issuance of show cause order to Metropolitan Life Insurance Company d/b/a New England Life Insurance Company be denied. (Dkt. No. 2020, R&R; Dkt. No. 1878, Mot.)  The Receiver has filed objections to the R&R. (Dkt. No. 2028, Obj.). Metropolitan Life Insurance Company has filed a response to the objections. (Dkt. No. 2030.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Receiver objects to the R&R's suggestion that the Receiver did not take timely

action to establish Trade Partners' ownership of the Policy. The Receiver contends that New England was on notice as early as 2004 that Trade Partners was asserting ownership of the Policy, and that under the terms of the July 21, 2003, Order, New England should have provided the requested policy information and should have made the requested ownership changes.

Although the Receiver presented evidence of its efforts to convince New England of its interest in the Policy, there is no evidence that Lois Johnson ever submitted the appropriate assignment form to effect an assignment of the Policy from her to Kelco and/or Trade Partners. Accordingly, the Magistrate Judge properly found that Trade Partners/Receiver was not the equitable or beneficial owner of the Policy and that New England did not violate the July 21, 2003, Order.

In the alternative, the Receiver requests that the Court order Ms. Johnson to disgorge the funds paid to her pursuant to Claim A-000798. The Court will not accept objections to an R&R as a substitute for a motion. If the Receiver wishes to pursue disgorgement of the funds received by Ms. Johnson, the Receiver may file a motion to that effect with service on Ms. Johnson. Accordingly,

**IT IS HEREBY ORDERED** that the Receiver's objections to the March 22, 2011, R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that the March 22, 2011, R&R (Dkt. No. 2020) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Receiver's motion for issuance of show cause order to Metropolitan Life Insurance Company d/b/a New England Life Insurance Company (Dkt. No. 1878) is **DENIED**.


Dated: <u>August 16, 2011</u>  <u>/s/ Robert Holmes Bell</u>
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE