IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. QUILLING,

    Plaintiff,                               Case No.: 1:03-CV – 0236

                                                  Hon. Robert Holmes Bell

v.

TRADE PARTNERS, INC.,

    Defendants
_____/ .

REPORT AND RECOMMENDATION

This matter came on for hearing before the Court on September 23, 2011, on the Receiver's Motion for Authority to Abandon Property (Dkt. 2059), which was referred to the undersigned by the Honorable Robert Holmes Bell for report and recommendation. No opposition to the requested relief was filed; nor did anyone appear at the hearing to oppose the motion. As stated on the record at the hearing, the undersigned recommends that the motion be **granted**.

Background

Pursuant to the orders of this Court, the Receiver took possession of the property of Trade Partners, Inc. ("TPI") including the insurance portfolio originally consisting of approximately 1409 life insurance policies. The Receiver, with prior Court approval, entered into a Purchase and Sale Agreement to sell the entire Trade Partners insurance Portfolio to USI. Because of various issues, the Receiver filed a Motion to Terminate the Purchase and Sale Agreement under a Mutual Settlement and Termination Agreement

(Dkt. No. 1743). After a hearing on that Motion, and the District Court on entered an Order Approving the Report and Recommendation (Dkt. No. 1784) granting the Receiver's Motion approving the Settlement Agreement and terminating the contract with USI. (Dkt. No. 1790). As a result of the termination of the Purchase and Sale Agreement with USI, the Receivership retained ownership of and the Receiver was administering, approximately 60 insurance policies with face death benefits of approximately $6,000,000 (the "Remaining Portfolio"). Pursuant to Motion (Dkt. No 1938) and Report and Recommendation (Dkt. No 1966), the District Court entered an Order authorizing the Receiver to enter into the Purchase and Sale Agreement with Lexington Settlements, Ltd to sell the Remaining Portfolio to Lexington ( Dkt. No. 1981).

Since the entry of the Order authorizing the sale of the Remaining Portfolio to Lexington in September 2010, the Receiver has proceeded to transfer ownership of the policies in accord with the Purchase and Sale Agreement. To date the Receiver has transferred 34 policies to Lexington. Twenty six policies remain to be transferred[1]. The annual premium carry for the Remaining Policies is $24,059.96. If all Remaining Policies were transferred and the change of ownership ("COO") recorded by the applicable insurance companies, the receivership would receive $59,795.06.

The process to transfer the policies and record the COO requires the cooperation of the affected insurance company, a process that this Court has previous recognized as frustrating, tedious, time-consuming and consequently expensive in time and effort of the Receiver and his administrative staff and agents, particularly Echelbarger, Himebaugh,

---

[1] The Remaining Policies were set forth in Schedule A attached to the Receiver's Motion.

Tamm & Co., PC (EHTC). Additionally, while the policies remain titled in the name of Receiver, premiums must be paid.

After careful analysis and deliberation, the Receiver, with the concurrence of Michael Quilling, the plaintiff herein as Receiver for Advanced Financial Services, (AFS), and Steven Harr, the Court appointed Examiner and EHTC, has concluded that the value to be obtained by the sale of the remaining policies does not justify the continued expenditure of premium dollars and the concomitant cost of administration, as the sale price is 3.75% of the face amount of coverage. As characterized by the Receiver during the hearing, "the juice is not worth the squeeze."

Thus the Court finds that the continued custody and maintenance of the remaining polices imposes a financial burden on the receivership estate. Abandoning the remaining policies represents the most advisable course of action consistent with the Receiver's duty to collect, preserve and maintain the assets of the receivership estate.  The Receiver has filed his Final Report and Proposed Distribution Plan and abandonment of these policies will allow the Receiver to make a final distribution and close the receivership.

## Analysis

The Court may authorize a Receiver to abandon property pursuant to its broad equitable powers.  A court imposing a receivership assumes custody and control of all assets and property of the subject entity and may issue all orders necessary for the proper administration of the receivership estate. *Securities & Exch. Comm'n v. Wencke*, 622 F.2d 1363, 1370 (9th Cir. 1980); *Eller Indus., Inc. v. Indian Motorcycle Mfg., Inc.*, 929 F. Supp. 369, 372 (D. Colo. 1995).  The receiver serves as the court's agent in collecting, maintaining, administering, and disposing of the property of the receivership estate,

*Dickie v. Flamme Brothers, Inc.*, 560 N.W.2d 762, 767 (Neb. 1997), but may not abandon receivership property without leave of the court, *Kluckhuhn v. Ivy Hill Ass'n, Inc.*, 461 A.2d 16, 19 (Md. Ct. Spec. App. 1983). When the receiver determines that assets are "so burdensome or of such little value as to render administration of the same unprofitable," though, "the court may upon his petition authorize the abandonment of the worthless property. *Helvey v. United States Bldg. & Loan Ass'n*, 184 P.2d 919, 922 (Cal. Ct. App. 1947).

Upon consideration of the Motion and applicable law, the undersigned recommends that the Receiver's Motion be granted and the Receiver be allowed to abandon the policies set forth in Schedule A of the Motion.

Respectfully submitted,

Date:   September 30, 2011             /s/ Ellen S. Carmody
                                       ELLEN S. CARMODY
                                       United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b) (1) (C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 949-950 (6th Cir. 1981).